882 P.2d 1

STATE of New Mexico, Plaintiff–
Respondent,

v.

Kenny HODGE, Barbara McCoy, Orleana
Stacy, and Annette Halsey, a/k/a Annette
Bryant, Defendants–Petitioners.

Nos. 21305, 21310, 21311 and 21313.

Supreme Court of New Mexico.

Aug. 23, 1994.

Rehearing Denied Sept. 16, 1994.

Sammy J. Quintana, Chief Public Defender, Bruce Rogoff, Rita LaLumia, Asst. Appellate Defenders, Santa Fe, for petitioners Hodge, McCoy and Stacy.

Jonathan C. Miller, Albuquerque, for petitioner Halsey a/k/a Bryant.

Tom Udall, Atty. Gen., Joel Jacobsen, Asst. Atty. Gen., Santa Fe, for respondent.

## *OPINION*

MONTGOMERY, Chief Justice.

In this case we consider the validity and efficacy of the so-called "conditional plea agreement." A conditional plea agreement is an agreement between the prosecutor and the defendant in a criminal case, under which, subject to the trial court's approval, the defendant agrees to plead guilty to the offense charged but reserves one or more specific issues for appellate review following conviction.[1] Although the procedure has been used in numerous cases reviewed by the appellate courts of this state, there are no appellate decisions enunciating any guidelines, or specifying any requirements, for invoking the procedure; nor does any of our Rules of Criminal Procedure provide for—or prohibit—the procedure.

In the present case, reviewed here on certiorari to the New Mexico Court of Appeals, *State v. McCoy*, 116 N.M. 491, 864 P.2d 307 (Ct.App.1993), the Court of Appeals consolidated the appeals of six defendants who were convicted of possession of cocaine based on the presence of the drug in urine samples taken from them. Two of the defendants were convicted after trials; they appealed to the Court of Appeals on the ground that evidence of cocaine in their urine was insufficient to support their convictions. The other defendants pled guilty but attempted, in one way or another, to reserve the same issue for appeal. The Court agreed with the first two defendants and reversed their convictions, but held that the other four had waived their challenges to the sufficiency of the evidence and affirmed. *Id.* at 494, 864 P.2d at 310.

We granted certiorari to consider whether conditional plea agreements are valid in New Mexico and, if so, to articulate some interim [2] guidelines with respect to their use. We reverse the Court of Appeals and allow the defendants to withdraw their guilty pleas, set aside their convictions, and take this opportunity to clarify the requirements for conditional pleas of guilty or nolo contendere.

## I.

During the period between June 1991 and June 1992, five individuals—Maria Coursey, Kenny Hodge, Barbara McCoy, Orleana Stacy, and Annette Halsey, a/k/a Annette Bryant—were charged in the Ninth Judicial District Court (which covers Curry and Roosevelt Counties) with possession of cocaine [3] based on the presence of the drug in urine samples provided by them to probation or parole authorities. Another individual,

---

1. Conditional pleas are sometimes, even often, confused with so-called *"Alford"* pleas, entered pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); but the purpose and effect of the two types of plea are different. In *Alford,* the United States Supreme Court held that courts do not violate due process when they accept guilty pleas from defendants who continue to protest their innocence, *id.* at 37, 91 S.Ct. at 167, so long as the court is satisfied that there is a factual basis for the plea independent of the defendant's statements, *id.* at 38 n. 10, 91 S.Ct. at 167 n. 10. Defendants may wish to enter an *Alford* plea—that is, to plead guilty while simultaneously maintaining their innocence—for any number of reasons, including their desire to take advantage of attractive plea bargains, to avoid the publicity and expense of trial, or to affect judicial perceptions at sentencing. *See* Curtis J. Shipley, Note, *The Alford Plea: A Necessary But Unpredictable Tool for the Criminal Defendant,* 72 Iowa L.Rev. 1063, 1063 (1987). An *Alford* plea, however, does not in itself reserve any issue for appeal.

A conditional guilty plea, on the other hand, conditions the plea on reservation of one or more specific issues for appellate review. An *Alford* plea could be conditioned on review of a specific issue, as it was in one of the cases involved here (Stacy's); but it is a conditional guilty plea only if it comports with the requirements for such a plea. Otherwise, appellate review of *Alford* pleas is conducted under the same standards as are applicable to review of unconditional guilty pleas. *See State v. Zunino,* 133 Ariz. 117, 118, 649 P.2d 996, 997 (Ct.App.1982).

2. As stated at the end of this opinion, these guidelines and requirements are subject to future modification after review of the subject by our advisory committee on the Rules of Criminal Procedure for the District Courts.

3. The defendants were charged with violation of NMSA 1978, Section 30–31–23 (Cum.Supp. 1994), which prohibits possession of controlled substances, including cocaine.

David Urias, was charged with the same offense, based on the same circumstance, in the District Court of Lea County.

Maria Coursey was the first defendant charged. She was represented by the Curry County Public Defender's Office, was tried before a jury, and was convicted on October 22, 1991. The only evidence proving that she possessed cocaine was a positive drug test showing the presence of cocaine in her urine.

Two months after Coursey was charged, the Curry County District Attorney brought a similar charge against Barbara McCoy. McCoy, also represented by the Curry County Public Defender, entered into a guilty plea agreement on October 1, 1991. At her plea hearing, the district judge acknowledged that McCoy was entering her plea subject to res- ervation of the right to appeal an issue raised by defense counsel: whether a charge of "possession by consumption" is an unconsti- tutional application of the statute criminaliz- ing possession of controlled substances, based on the United States Supreme Court's holding in *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) (status of narcotics addiction, per se, may not be punished). The court's order setting McCoy's bond stated that "defendant re- served the right to appeal the conviction on the charge of possession of cocaine by con- sumption on grounds of the charge being an unconstitutional application of the statute re- garding possession of a controlled sub- stance."

David Urias was the next defendant charged. Represented by private counsel, Urias was convicted on February 25, 1992, after a bench trial on stipulated facts. The sole issue was whether the presence of co- caine or its metabolites in a urine sample, without more, is sufficient to constitute pos- session of a controlled substance.

Annette Bryant and Kenny Hodge were charged in October and November 1991, re- spectively; they were represented by the Curry County Public Defender. Each filed a motion to dismiss the charge on the ground that evidence of a positive test of a urine sample, by itself, cannot support a conviction for possession of a controlled substance. The trial court denied both motions.

Hodge entered into a plea agreement, in April 1992, that did not contain a written condition reserving this issue for appeal. At the hearing on his plea agreement, however, his counsel said:

> I would like to announce that I plan on presenting the issue I raised in [this case] to the Court of Appeals, which is the pos- session by consumption charge.... I had filed a motion in that case [to dismiss]. That was denied. So I assume I have a valid issue there to preserve ... and I would like to bring it up for the record should the Court of Appeals rule in our favor on this possession by consumption matter. Can we agree on the record today that if the Court of Appeals determines that the ingestion of cocaine cannot result in a possession charge that we go back into the record and wipe out that charge and conviction?

The prosecutor replied, "I assume that if there is such a ruling by the Court of Ap- peals we will receive a mandate to correct the sentence." Later in the colloquy, de- fense counsel said, "I guess I could just pro forma raise it in that particular docket num- ber. I guess I better just handle it in that manner." The trial judge responded, "Al- right. Is there anything else?" Two months later Hodge filed a stipulation of facts rele- vant to appeal, signed by the prosecutor and Hodge's counsel, and the court entered an order providing that the stipulation was "ap- proved and made the record of facts in this case for purposes of appeal."

Like Hodge, Bryant entered into a guilty plea agreement, in June 1992, without a writ- ten condition reserving for appeal the issue that was the subject of her unsuccessful mo- tion to dismiss. As in Hodge's case, howev- er, the court asked Bryant's counsel at her plea hearing, "Are you going to preserve appellate right on the issue of possession by consumption?" Her counsel replied, "Yes, your honor. We presently have two such cases in the Court of Appeals and we need to continue to file appeals until such time as they decide one of them so that we get some guidance." The court then asked, "Does the State resist the request of the defense to

preserve this issue for appeal in the J & S [Judgment and Sentence]?" The prosecutor replied, "Not to preserve the issue, your honor."

Bryant's J & S made no mention of the issue reserved for appeal, but Bryant was released on an appearance bond pursuant to the J & S "for purposes of appeal." Bryant also filed a stipulation of facts relevant to her appeal, signed by the prosecution and her counsel, and the court entered an order stating that the stipulation was "approved and made the record of facts in this case for purposes of appeal."

Orleana Stacy was the last of the six defendants to be charged. Represented by the Roosevelt County Public Defender, she entered into a guilty plea agreement in August 1992, expressly reserving the right to appeal "the validity of said charge under the alleged circumstances that the possession was by means of consumption or ingestion established by laboratory analysis of a urine specimen." The agreement was in writing, signed by Stacy, her attorney, and the prosecutor, and was approved by the court. Her J & S stated, "Defendant has reserved the right to appeal the conviction herein on statutory and constitutional grounds"; it was signed by the court, the prosecution, and Stacy's counsel. Stacy also filed a stipulation of facts relevant to her forthcoming appeal; this also was signed by the prosecution and her counsel, and the court entered an order providing that the stipulation was "approved and made the record of facts in this case for purposes of appeal."

All six defendants appealed their convictions to the Court of Appeals, which consolidated the appeals and decided them in *State v. McCoy* (the opinion below). Each defendant argued that the drug test results alone were insufficient evidence of possession, knowledge, jurisdiction, and intent. The Court acknowledged that "[a]ll six Defendants raise[d] different combinations of virtually identical substantive issues." 116 N.M. at 494, 864 P.2d at 310. Nevertheless, while agreeing with Coursey and Urias's arguments concerning the insufficiency of the State's evidence and reversing their convictions, the Court refused to consider similar

arguments raised by the four remaining defendants (hereinafter "Defendants" or "the defendants"). It held that they were procedurally barred from raising the issue of sufficiency of the evidence in light of their guilty pleas. *Id.* at 498–500, 864 P.2d at 314–16. We granted each defendant's petition for a writ of certiorari to review this holding and consolidated the proceedings for argument and decision.

## II.

■ The New Mexico Constitution guarantees a defendant the right to appeal a criminal conviction. N.M. Const. art. VI, § 2. However, a plea of guilty or nolo contendere, when voluntarily made after advice of counsel and with full understanding of the consequences, waives objections to prior defects in the proceedings and also operates as a waiver of statutory or constitutional rights, including the right to appeal. *State v. Ball,* 104 N.M. 176, 183–84, 718 P.2d 686, 693–94 (1986). Thus, a voluntary guilty plea ordinarily constitutes a waiver of the defendant's right to appeal his conviction on other than jurisdictional grounds. *See State v. Williams,* 78 N.M. 211, 212, 430 P.2d 105, 106 (1967); *State v. Lewis,* 107 N.M. 182, 186, 754 P.2d 853, 857 (Ct.App.), *cert. denied,* 107 N.M. 151, 754 P.2d 528 (1988); *see also Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

■ Defendants argue that the general rule limiting appeals following guilty pleas to jurisdictional issues is inapplicable when the defendant has expressly conditioned his or her guilty plea by reserving the right to appeal a specific nonjurisdictional issue. The rationale for making and permitting conditional guilty pleas is expressed in the advisory committee note to the 1983 amendment to Rule 11 of the Federal Rules of Criminal Procedure:

There are many defenses, objections and requests which a defendant must ordinarily raise by pretrial motion. Should that motion be denied, interlocutory appeal of the ruling by the defendant is seldom permitted. Moreover, should the defendant thereafter plead guilty or nolo contendere, this will usually foreclose later appeal with respect to denial of the pretrial motion....

As a consequence, a defendant who has lost one or more pretrial motions will often go through an entire trial simply to preserve the pretrial issues for later appellate review. This results in a waste of prosecutorial and judicial resources, and causes delay in the trial of other cases.... These unfortunate consequences may be avoided by the conditional plea device.... [Citations omitted.]

*See also Lefkowitz v. Newsome,* 420 U.S. 283, 293, 95 S.Ct. 886, 891, 43 L.Ed.2d 196 (1975) (describing use of conditional guilty pleas in New York as "commendable efforts to relieve the problem of congested criminal trial calendars in a manner that does not diminish the opportunity for the assertion of rights guaranteed by the Constitution").[4]

Many jurisdictions, by rule or statute, permit conditional guilty pleas. *See, e.g.,* Ark. R.Crim.P. 24.3(b); Conn.Gen.Stat. § 54–94a (1993); Idaho R.Crim.P. 11(a)(2); Ky. R.Crim.P. 8.09; Me.R.Crim.P. 11(a)(2); Nev.Rev.Stat. § 174.035(2) (1988); N.C.Gen.Stat. § 15A–979(b) (Cum.Supp. 1993); N.D.R.Crim.P. 11(a)(2); Vt.R.Crim.P. 11(a)(2); Va.Code Ann. § 19.2–254 (Michie Repl.Vol.1990). Most of these rules and statutes are patterned after Rule 11(a)(2) of the Federal Rules of Criminal Procedure ("Rule 11(a)(2)"), which provides that, with the pros-

ecution's consent and the court's approval, a defendant may "enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea."

Our own Rules of Criminal Procedure do not expressly authorize or prohibit use of conditional guilty pleas to reserve specific issues for appeal. Some state courts have permitted conditional plea agreements to be used notwithstanding the absence of court rules or statutes authorizing such agreements. *See, e.g., Cooksey v. State,* 524 P.2d 1251, 1256–57 (Alaska 1974); *State v. Ashby,* 245 So.2d 225, 228 (Fla.1971); *State v. Crosby,* 338 So.2d 584, 590 (La.1976); *People v. Reid,* 420 Mich. 326, 362 N.W.2d 655, 660–61 (1984); *State v. Sery,* 758 P.2d 935, 938 (Utah Ct.App.1988). *But see, e.g., State v. Dorr,* 184 N.W.2d 673, 674 (Iowa 1971) (conditional guilty plea reserving issue for appeal not permitted in absence of statutory authority); *State v. Turcotte,* 164 Mont. 426, 524 P.2d 787, 789 (1974) (same); *State v. Soares,* 633 A.2d 1356, 1356 (R.I.1993) (same); *see also State v. Arnsberg,* 27 Ariz.App. 205, 207, 553 P.2d 238, 240 (1976) (defendant entering plea of no contest may not reserve appeal of nonjurisdictional defects). Our research reveals that since 1987 this Court and our Court of Appeals have entertained at least twenty appeals based on conditional guilty or nolo contendere pleas, despite the absence of any appellate decision or court rule specifically authorizing, and describing the procedure for, such pleas.[5] Because use of condi-

---

**4.** Commentators favoring adoption of a procedure for allowing conditional guilty pleas include: 2 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 20.6(b) (1984); 1 Charles A. Wright, *Federal Practice and Procedure (Criminal)* § 175 (2d ed. 1982); Jon D. Botsford, Comment, *Conditioned Guilty Pleas: Post–Guilty Plea Appeal of Nonjurisdictional Issues,* 26 UCLA L.Rev. 360 (1978); Note, *Conditional Guilty Pleas,* 93 Harv.L.Rev. 564 (1980).

**5.** In the following cases, the defendant entered a plea of guilty or nolo contendere, reserving the right to appeal the denial of a motion to suppress or a motion to dismiss: *Campos v. State,* 117 N.M. 155, 157, 870 P.2d 117, 119 (1994); *State v.*

*Boswell,* 111 N.M. 240, 241, 804 P.2d 1059, 1060 (1991); *State v. Burciaga,* 116 N.M. 733, 734, 866 P.2d 1200, 1201 (Ct.App.1993); *State v. Garcia,* 116 N.M. 87, 88, 860 P.2d 217, 218 (Ct.App. 1993); *State v. Gutierrez,* 115 N.M. 551, 551–52, 854 P.2d 878, 878–79 (Ct.App.), *cert. denied,* 115 N.M. 545, 854 P.2d 872 (1993); *State v. Anderson,* 115 N.M. 433, 434, 853 P.2d 135, 136 (Ct.App.), *cert. granted,* 115 N.M. 145, 848 P.2d 531 (1993); *State v. Williams,* 114 N.M. 485, 486, 840 P.2d 1251, 1252 (Ct.App.1992); *State v. Sutton,* 112 N.M. 449, 450, 816 P.2d 518, 519 (Ct.App.), *cert. denied,* 112 N.M. 308, 815 P.2d 161 (1991); *State v. Cochran,* 112 N.M. 190, 191, 812 P.2d 1338, 1339 (Ct.App.), *cert. denied,* 112

tional pleas by criminal defendants serves the interests of justice (by, inter alia, safeguarding a defendant's constitutional right to appeal) and promotes judicial economy, we hold that conditional pleas of guilty or nolo contendere are valid when entered in accordance with the standards set forth in this opinion.

■ In its decision below, the Court of Appeals rejected Defendants' arguments that they had reserved for appeal the issue of sufficiency of the evidence. The Court suggested that the appropriate method for challenging the sufficiency of evidence was "for the parties to have stipulated to the facts and allowed the trial court to adjudicate guilt or innocence by way of a bench trial." 116 N.M. at 499, 864 P.2d at 315. We believe, however, that a conditional plea agreement is a proper procedure to enable a defendant to reserve a significant pretrial issue for appeal in a case in which conviction seems certain unless the defendant prevails on the pretrial issue. We also believe that using a conditional plea will often be a more efficient method for entertaining such an appeal than the Court of Appeals' suggested method of trial on stipulated facts. *See* 2 LaFave & Israel, *supra*, § 20.6(c) (discussing disadvantages of stipulation procedure).

We look to Rule 11(a)(2), along with interpretations of the rule by the federal courts, for guidance on how our state courts should use conditional plea agreements. Under Rule 11(a)(2), the defendant must preserve the alleged error by invoking a ruling by the court on a pretrial motion to suppress evidence or to dismiss. The defendant may plead guilty or nolo contendere and reserve appellate review of an adverse determination of a pretrial motion by entering a conditional plea, in writing, specifying the issue or issues reserved for appeal.

■ Entry of a conditional plea is contingent upon approval of the court and consent of the prosecution. *United States v. Carrasco*, 786 F.2d 1452, 1454 (9th Cir.1986). The prosecution and the court are each "free to reject a conditional plea for any reason or no reason at all." *United States v. Bell*, 966 F.2d 914, 916 (5th Cir.1992). The prosecution, however, should ensure that conditional pleas are allowed " 'only when the decision of the court of appeals will dispose of the case either by allowing the plea to stand or by such action as compelling dismissal of the indictment or suppressing essential evidence.' " *United States v. Wong Ching Hing*, 867 F.2d 754, 758 (2d Cir.1989) (quoting advisory committee's note to Fed. R.Crim.P. 11). Similarly, the "requirement of court approval is designed to ensure that the pretrial issues reserved for appeal are case-dispositive and can be reviewed by the appellate court without a full trial." *Bell*, 966 F.2d at 916; *see also United States v. Yasak*, 884 F.2d 996, 999 (7th Cir.1989) ("[T]he rule ensures that conditional pleas will be allowed only when the appellate court's decision will completely dispose of the case."). If the defendant prevails on appeal, he or she is allowed to withdraw his or her plea.[6]

N.M. 308, 815 P.2d 161 (1991); *State v. Estrada*, 111 N.M. 798, 799, 810 P.2d 817, 818 (Ct.App. 1991); *State v. Watchman*, 111 N.M. 727, 729, 809 P.2d 641, 643 (Ct.App.), *cert. denied*, 111 N.M. 529, 807 P.2d 227 (1991); *State v. Herrera*, 111 N.M. 560, 562, 807 P.2d 744, 746 (Ct.App.), *cert. denied*, 111 N.M. 529, 807 P.2d 227 (1991); *State v. Goss*, 111 N.M. 530, 531, 807 P.2d 228, 229 (Ct.App.), *cert. denied*, 111 N.M. 416, 806 P.2d 65 (1991); *State v. Hernandez*, 111 N.M. 226, 227, 804 P.2d 417, 418 (Ct.App.1990); *State v. Munoz*, 111 N.M. 118, 118–19, 802 P.2d 23, 23–24 (Ct.App.), *cert. denied*, 111 N.M. 136, 802 P.2d 645 (1990); *State v. Lucas*, 110 N.M. 272, 273, 794 P.2d 1201, 1202 (Ct.App.), *cert. denied*, 110 N.M. 260, 794 P.2d 734 (1990); *State v. Bybee*, 109 N.M. 44, 44, 781 P.2d 316, 316 (Ct.App.1989); *Lewis*, 107 N.M. at 183, 754 P.2d at 854; *State v. Hensel*, 106 N.M. 8, 8, 738 P.2d 126, 126 (Ct.App.), *cert. denied*, 105 N.M.

720, 737 P.2d 79, *and cert. denied*, 484 U.S. 958, 108 S.Ct. 358, 98 L.Ed.2d 383 (1987).

6. The consequences following withdrawal of a guilty plea seem to vary among the federal courts. Some courts appear to apply a blanket rule of acquittal, holding that when the government commits to the guilty plea agreement it has essentially rested its case and thus cannot bring further proceedings against the defendant. *See, e.g., United States v. Bentz*, 21 F.3d 37, 42 (3d Cir.1994). On the other hand, in cases in which the trial court's order denying defendant's motion to suppress evidence has been reversed, some courts permit the government to proceed if it has sufficient evidence apart from that suppressed. *See, e.g., United States v. Donnes*, 947 F.2d 1430, 1439 (10th Cir.1991). This issue is not before us, and we express no opinion on it.

In determining whether a defendant has entered a valid conditional plea, an appellate court should not require rigid adherence to these requirements. *See* Fed.R.Crim.P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.") In other words,

> an appellate court can pardon the informalities of a conditional plea so long as the record demonstrates that the spirit of Rule 11(a)(2) has been fulfilled—that the defendant expressed an intention to preserve a particular pretrial issue for appeal and that neither the government nor the district court opposed such a plea.

*Bell,* 966 F.2d at 916; *see also United States v. Fernandez,* 887 F.2d 564, 566 n. 1 (5th Cir.1989) (holding conditional guilty plea valid despite lack of written reservation of right to appeal and judge's approval of conditional plea). In the present case (as will be seen below), because neither the validity of a conditional plea agreement nor any particularized requirements for making one have previously been established, we think this substance-over-form approach is especially appropriate.

The State contends that we should not authorize a procedure whereby criminal defendants can enter pleas admitting their factual guilt and then appeal the sufficiency of the evidence to convict them. Even though, ordinarily, a plea of guilty "is an admission that [the defendant] committed the crime charged against him," *Alford,* 400 U.S. at 32, 91 S.Ct. at 164, in several of the cases cited in footnote 5 above the Court of Appeals entertained appeals from guilty pleas that reserved the issue of sufficiency of the evidence. *See Gutierrez,* 115 N.M. at 551–52, 854 P.2d at 878–79 (reservation of issue whether juvenile police officer was peace officer for purpose of statute prohibiting battery on peace officer); *Herrera,* 111 N.M. at 562, 807 P.2d at 746 (reservation of issue whether mailing notice of revocation was sufficient to create presumption that at time of arrest defendant knew that his driver's license had been revoked); *Bybee,* 109 N.M. at 44, 781 P.2d at 316 (reservation of issue whether soft drink machine constituted "structure" within purview of burglary statute). Though framed as appeals involving questions of sufficiency of the evidence, these cases did not deal simply with the sufficiency of the evidence to establish one or more factual determinations. In each case, the defendant reserved for appeal either a question of law or a mixed question of fact and law, the favorable resolution of which would require the defendant's acquittal. Consistently with the Court of Appeals' treatment of these cases, we hold that an issue of sufficiency of the evidence may be reserved for appellate review, at least if it concerns an issue of law or an issue of mixed fact and law that can be decided without a full trial.

## III.

We discuss the validity of each defendant's plea agreement separately, in reverse chronological order from that in which they were presented to the trial court, beginning with Defendant Stacy's agreement. None of the four agreements fully satisfies the technical requirements for conditional pleas approved in this opinion. We reiterate that the critical requirements for a conditional plea are that the defendant express an intention to reserve a particular pretrial issue for appeal and that neither the prosecution nor the trial court oppose such a plea. We interpret these requirements leniently in this case, in light of Defendants' ignorance of any specific requirements for conditional pleas when they entered their guilty pleas, and in light of the fact that it was obvious to all concerned that each defendant intended to seek an appellate ruling on the question whether the presence of cocaine in a urine sample was, by itself, sufficient evidence of possession of the drug to warrant conviction.

In the present case, it is clear that the four defendants are entitled to acquittal on either of two grounds: (1) The Court of Appeals in these consolidated proceedings acquitted Coursey and Urias on substantially identical facts; and, as we hold below, equal justice is required for equally situated defendants; and (2) when a conviction is reversed on appellate review upon a finding of insufficient evidence, double jeopardy prevents retrial, *see Burks v. United States,* 437 U.S. 1, 17, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978).

The Court of Appeals held that Stacy, by virtue of having pled guilty, was precluded "from raising any challenge to the sufficiency of the evidence," and on this basis declined to consider her claim. 116 N.M. at 500, 864 P.2d at 316. As discussed above, we overrule the Court of Appeals on this issue and hold that in the specified circumstances an appellate court may entertain challenges to the sufficiency of the evidence when raised in a conditional guilty plea. The record shows that Stacy entered into a plea agreement specifying precisely what issue was reserved for review and that reservation of the issue was approved by the court and consented to by the prosecution. Stacy therefore properly *reserved* her issue for appeal. She did not, however, invoke a ruling from the court on her motion to dismiss based on this claim so that the issue would be *preserved* for review.

While preservation of error is generally required for appellate review, SCRA 1986, 12–216 (Cum.Supp.1994), an exception to the general rule barring review of questions not properly preserved below applies in cases involving fundamental error, SCRA 12–216(B) (appellate courts may review questions not properly preserved in district court for jurisdictional or fundamental error). Appellate courts may resort to fundamental error if, among other things, review is necessary to prevent a miscarriage of justice or if the question of guilt is so doubtful that it would shock the conscience of the Court to permit the conviction to stand. *State v. Osborne,* 111 N.M. 654, 662, 808 P.2d 624, 632 (1991).

It appears that Stacy's counsel failed to preserve the error by an appropriate pretrial motion in part because the same issue had been raised, and determined adversely, in motions to dismiss by Bryant and Hodge (as well as in Urias's trial on stipulated facts), and in part because the distinction between preservation of an issue and reservation of an issue was unclear. One *preserves* an issue for appeal by invoking a ruling from the court on the question; one *reserves* an issue for appeal, under the procedure we approve today, by specifying the issue as a condition to a plea of guilty or nolo contendere. Counsel may have thought it unnecessary to preserve an issue that the court and the prosecution had agreed could be reserved for appeal, particularly since the court had ruled adversely on the same issue in other cases. In any event, the misunderstanding was reasonable and the effect of failure to preserve the error potentially drastic. In light of the Court of Appeals' ruling on the substantively identical issue in Coursey and Urias's appeals, we hold that fundamental error applies to prevent a miscarriage of justice. Accordingly, preservation of the issue was not necessary and, because Stacy properly reserved the issue for appeal, she entered a valid conditional plea and the issue is reviewable on appeal.

As with Stacy, the Court of Appeals held in Bryant's case that as a result of her guilty plea she was barred from challenging the sufficiency of the evidence. 116 N.M. at 500, 864 P.2d at 316. As with Stacy, we disagree and proceed to consider whether Bryant entered a valid conditional plea. She preserved her claim—that evidence of a positive test on a urine sample alone cannot support a conviction for possession of a controlled substance—for review by invoking a ruling from the court on her motion to dismiss. While she did not reduce her conditional plea to writing, she did make clear, on the record, her intention to reserve a particular pretrial issue for appeal. The court and the prosecution each acknowledged, without objection, the conditional nature of her plea; she was released on an appearance bond "for purposes of appeal"; and the court approved a stipulation of facts in the case "for purposes of appeal." She thus entered a valid conditional plea, so the issue she reserved is reviewable on appeal.

In Hodge's case, the Court of Appeals held that "a stipulation on a factual question for purposes of appellate review without undergoing an actual trial" was "insufficient for addressing a challenge to the sufficiency of the evidence." *Id.* at 499, 864 P.2d at 315. Again we disagree. In a case in which a defendant proposes to enter into a guilty plea conditioned on the right to appeal the sufficiency of the evidence, a stipulation

on the factual question may be necessary for appellate review of the issue. The question in Hodge's case is not whether the Court of Appeals could entertain his appeal on sufficiency of the evidence—we have already decided that question—but rather whether Hodge entered a valid conditional plea so as to permit appellate review of his claim.

The Court of Appeals ruled that "the remarks made at the plea hearing were insufficient to raise and preserve a challenge to the sufficiency of the evidence." *Id.* But Hodge preserved his claim for review by invoking a ruling from the court on his motion to dismiss. The remarks of Hodge's counsel, quoted earlier in this opinion, informed the prosecution and the court, on the record, that he was planning to raise Hodge's claim on appeal. The prosecutor's and the court's comments, and their lack of objection to defense counsel's expressed desire to associate Hodge's case with the others already on appeal, constituted acquiescence in this request. In addition, the court entered an order providing that a stipulation of facts between Hodge and the prosecutor was "approved … for purposes of appeal." Inasmuch as Hodge's counsel did not have the benefit of this or any other opinion, or any court rule, for guidance, we hold that Hodge entered a valid conditional plea.

■■■■■ Finally, the Court of Appeals ruled in McCoy's case that by her guilty plea she had waived her challenge to the sufficiency of the evidence, noting that she had conceded that she did not raise the issue before the trial court. *Id.* at 498, 864 P.2d at 314. It is true that McCoy neither invoked a ruling by the trial court on her claim of insufficient evidence nor reserved that particular issue for appeal. As in Stacy's case, we hold that the issue of sufficiency of the evidence, under the facts of these cases, is reviewable as fundamental error; however, we observe that, generally, failure to specify a particular issue in the conditional plea agreement will foreclose appellate review of that claim. *Bell,* 966 F.2d at 916. This, though, was the first case of "possession by consumption" handled by the Curry County Public Defender's office; as the other cases discussed in this opinion arose, the public

defender had the opportunity to focus the issue more precisely. Additionally, the order setting bond on McCoy's appeal provided that she "reserved the right to appeal the conviction on the charge of possession of cocaine by consumption" on the ground that the charge was an unconstitutional application of the criminal statute. She thus alerted the court and the prosecution to the conditional nature of her plea, reserving the right to appeal the conviction on essentially the same ground as was successful in Coursey and Urias's appeals, with only the specific reason for insufficiency of the evidence stated differently than it was in the other cases. We believe that justice would not be served by allowing the other five defendants, faced with the same criminal charges under identical circumstances, to be acquitted while McCoy remains convicted because her counsel failed to realize exactly what procedure was necessary to perfect a winning appeal.

As the late Supreme Court Justice Hugo Black observed thirty years ago:

> Throughout history men have had to suffer from legal systems which worshipped rigid formalities at the expense of justice. It is for this that we remember the Laws of the Medes and Persians and the injustice spawned by the tortuous labyrinth of common-law pleading which it took the creation of courts of equity to counteract. Of course, any civilized system of judicial administration should have enough looseness in the joints to avert gross denials of a litigant's rights growing out of his lawyer's mistake or even negligence in failing to file the proper kind of pleading at precisely the prescribed moment. The [rules of criminal procedure] were framed with the declared purpose of ensuring that justice not be thwarted by those with too little imagination to see that procedural rules are not ends in themselves, but simply the means to an end: the achievement of equal justice for all. [Citation omitted.]

*Berman v. United States,* 378 U.S. 530, 538, 84 S.Ct. 1895, 1899, 12 L.Ed.2d 1012 (1964) (per curiam) (Black, J., dissenting). In the interest of equal justice for each of the defendants in these consolidated cases, we hold that McCoy's plea was properly conditioned

on reservation of her right to appeal the sufficiency of the evidence that led to her conviction.

## IV.

We approve the use of conditional plea agreements if made in accordance with the standards established in this opinion. We adopt, as an interim measure, the requirements of Rule 11(a)(2) of the Federal Rules of Criminal Procedure, along with the provision for relaxation of those requirements in an appropriate case under Rule 11(h). We refer this subject to our advisory committee on the Rules of Criminal Procedure for the District Courts for consideration of the appropriateness of the standards we have adopted in this opinion, as well as any modifications that we should consider in a permanent rule.

The decisions of the Court of Appeals with respect to the four defendants in these cases are reversed, and each case is remanded to the district court from which it arose, with instructions to vacate the defendant's conviction on the charge of possession of a controlled substance.

**IT IS SO ORDERED.**

RANSOM and FRANCHINI, JJ., concur.