This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                              **NO. 29,056**

**HENRY PACHECO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**John M. Paternoster, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

Max Shepherd, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

    Henry Pacheco (Defendant) appeals from the judgment and the amended

judgment, partially suspended sentence and commitment. [RP 18, 32] Defendant raises two issues on appeal, contending that: (1) Defendant was not guilty of any crime, for not returning from a furlough to the county jail, after having been sentenced, both orally and in writing, to the Department of Corrections; and (2) alternatively, if a crime was committed, the correct charge is escape from jail, a fourth degree felony rather than escape from the penitentiary, a second degree felony. [DS 3]

This Court's first calendar notice proposed summary affirmance. Defendant filed a memorandum in opposition that persuaded us to propose summary reversal in a second calendar notice. The State now agrees with the proposed disposition but asks this Court to reverse and remand for the district court to enter a guilty verdict and sentence Defendant for escaping from jail pursuant to NMSA 1978, § 30-22-8 (1963), rather than escaping from the penitentiary pursuant to NMSA 1978, § 30-22-9 (1963). After considering the State's request, however, we decline to do so. *See, e.g., State v. Villa*, 2004-NMSC-031, ¶¶ 12-13, 136 N.M. 367, 98 P.3d 1017 (holding that giving Defendant notice of the lesser-included offenses after conviction hardly provides Defendant with adequate notice of those charges). This is not merely a re-sentencing issue as the State asserts. As our Supreme Court stated in *Villa*, this Court cannot convict a defendant on appeal of a charge that the State did not pursue and Defendant

did not defend below. *Id.* ¶ 13.

For these reasons and the reasons set forth in the second calendar notice, we reverse and remand to the district court to vacate Defendant's conviction for escape from the penitentiary pursuant to Section 30-22-9. *See State v. Hodge*, 118 N.M. 410, 417, 882 P.2d 1, 8 (1994) (discussing that when the defendant has reserved for appeal an issue that does not deal simply with the sufficiency of the evidence to establish one or more factual determinations but rather a question of law or a mixed question of fact and law, the favorable resolution requires the defendant's acquittal).

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**