This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    NO.   33,318

**TIMOTHY YOUNG,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Gary K. King, Attorney General
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Chief Judge.**

{1}     Timothy Young (Defendant) appeals his conviction for driving while intoxicated and his conditional discharge of the offense of attempt to commit child abuse, both of which were entered pursuant to a conditional plea agreement. [DS 3] In our notice of proposed summary disposition, we proposed to reverse. The State has filed a memorandum in opposition, which we have duly considered. As we do not find the State's arguments to be persuasive, we reverse.

{2}     In this Court's notice of proposed summary disposition, we proposed to hold that the district court erred in denying Defendant's motion to suppress. We stated that it did not appear that the seizure of Defendant was supported by a reasonable suspicion of illegal activity and that the officer's stated rationale of officer safety appears to have been unsupported by any evidence that Defendant actually posed a danger to anyone. *See State v. Murry*, ____-NMCA-___, ¶¶ 4, 32, ___ P.3d ___ (No. 31,253, Nov. 6, 2013) (holding that the seizure imposed by requiring a person to open his car door was not justified by an officer's concern for officer safety when the officer saw the person make an abrupt movement of dropping his shoulder downwards as the officer approached the vehicle); *State v. Gutierrez*, 2008-NMCA-015, ¶ 23, 143 N.M. 522, 177 P.3d 1096 (holding that an officer cannot seize a person based on a concern for officer safety in the absence of evidence that the person poses a "verifiable threat" to the officer's safety).

**{3}** In the State's memorandum in opposition, it does not contend that the officer's actions were justified by a reasonable suspicion that Defendant was committing a crime. It argues only that the officer's conduct of opening Defendant's car door was justified by the officer's concern for his safety. [MIO 4-7] In support of this argument, the State relies on *State v. Williams*, 2011-NMSC-026, ¶¶ 3-4, 16, 149 N.M. 729, 255 P.3d 307, in which our Supreme Court held that the fact that a defendant was fumbling around with something after his vehicle was stopped, combined with the fact that when he got out of his vehicle, and his pants were unzipped and in disarray, provided a reasonable suspicion that the defendant was either armed or hiding contraband. This provided a justification for a post-arrest underclothing search of the defendant's underwear. *Id.* ¶ 16. We are not persuaded that *Williams* is of any aid to the State in this case. Here, the State has not argued that there was reasonable suspicion of any criminal activity, and the only evidence that the State presented to establish a concern for officer safety was that Defendant was reaching for something in the console. As we explained in our notice of proposed summary disposition, *Murry* and *Gutierrez* compel a conclusion that this evidence was insufficient to establish that such a concern was reasonable.

**{4}** The State attempts to distinguish *Murry* on the ground that, in *Murry*, the officers approached the defendant's vehicle from behind on their bicycles without having been specifically called out to the scene for any reason, left their bicycles

3

behind the car, observed the driver abruptly drop his shoulder down, and then immediately ordered the driver to open the door.  [MIO 6]  In contrast, in this case, the police were called out to the scene because an employee of the gas station had observed Defendant's car parked in the lot for between forty-five minutes and an hour. The officers approached the vehicle, saw children in the back seat and the driver fumbling in the console, and then opened the driver's door.  [DS 2; RP 72]  We are not persuaded that these distinctions make a difference.  As this Court held in *Murry*, the mere act of moving around in a vehicle when an officer cannot see a person's hands clearly, in the absence of any other evidence of a threat, does not provide reasonable grounds for an officer to open the person's car door based on a concern for officer safety.

{5}      Therefore, for the reasons stated here and in our notice of proposed summary disposition, we reverse and remand to permit Defendant to withdraw his plea.  *See State v. Hodge*, 1994-NMSC-087, ¶ 20, 118 N.M. 410, 882 P.2d 1 (stating that where a defendant enters a conditional guilty plea, the defendant is permitted to withdraw the plea after prevailing on appeal).

{6}      **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**

4

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**


_____
**JONATHAN B. SUTIN, Judge**