This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 32,504**

**DELVIN CHARLIE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** This case is before us on remand from our Supreme Court to consider issues raised by Defendant but not decided in our initial opinion. *See State v. Charlie*, 2014 WL 7187049, Nos. 34,487 & 34,488, order (N.M. Sup. Ct. Dec. 18, 2014) (non-precedential). We affirm.

**BACKGROUND**

**{2}** Because the parties are familiar with the procedural and factual background and because this is a memorandum opinion, we do not provide a detailed summary of this case. We highlight pertinent facts and procedure in connection with the issues analyzed.

**{3}** Defendant raises two issues that were not decided in our previous opinion, arguing that: (1) evidence obtained during the period in which he was removed from the Navajo Nation should be suppressed, and (2) the successive prosecution of Defendant by both the Navajo Nation and the San Juan County Magistrate Court violates his right to equal protection. We take each issue in turn.

**DISCUSSION**

**Suppression of the Evidence**

**{4}** Defendant contends that any evidence obtained during the period in which he was removed from the Navajo Nation should be suppressed. The crux of Defendant's argument is that, even if Officer Gonzales had authority as a cross-commissioned

officer to arrest Defendant, he nevertheless exceeded the scope of that authority when he transported Defendant off the Nation without first following proper extradition procedures. Therefore, he argues, any evidence of Defendant's blood alcohol content that Officer Gonzales obtained after he transported Defendant off the Navajo Reservation is subject to suppression. We disagree.

{5}     In essence, Defendant's argument is merely an extension of his jurisdiction claim, which our Supreme Court has already addressed. In its dispositional order of reversal, the Court concluded that, because Defendant was never released into the custody of another jurisdiction, extradition was not implicated in this case and, therefore, extradition protocols did not need to be followed. *Id.* ¶ 12. Instead, the Court held that, at the time of Defendant's arrest and transport, Officer Gonzales was properly acting pursuant to his role as an enforcer and investigator of Navajo law. *Id.* ¶ 13. Because there was no need to follow Navajo extradition procedures, Defendant's argument that he was "illegally removed" from the Navajo Nation on that basis must fail. Accordingly, he is not entitled to suppression of the evidence.

**Equal Protection**

{6}     Defendant argues that the successive prosecution of him under New Mexico law after having been previously convicted of the same DWI under Navajo law violated his right to equal protection. We note that Defendant concedes the Navajo Nation and

3

the State of New Mexico are separate sovereigns and that he is not entitled to claim double jeopardy in this case. However, he contends that, because of his status as an Indian, he is uniquely—and unconstitutionally—subject to multiple prosecutions that he would not be otherwise subject to if he was of any other race. We are not persuaded because Defendant waived any right to raise an equal protection claim when he entered into a plea agreement.

{7} As an initial matter, Defendant fails to demonstrate how he preserved his constitutional argument in either the San Juan County Magistrate Court or on appeal to the district court. *See* Rule 12-213(A)(4) NMRA (requiring the appellant to include a statement explaining how the issue was preserved below, including citations to the record demonstrating preservation); Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]"). Further, not only did Defendant fail to preserve his equal protection argument below, for the first time on appeal he asks this Court to take judicial notice of his Navajo Nation conviction. Defendant has attached a document that is allegedly a copy of Defendant's Navajo Nation conviction to his brief in chief. It is not a part of the appellate record before this Court, it was never offered or admitted as an exhibit in the courts below, it does not indicate when the alleged drunk driving offense took place, and it is neither certified nor authenticated. Notwithstanding these impediments,

4

however, we need not consider the pleading because we affirm on the basis that Defendant waived any constitutional challenge to his plea conviction.

**{8}** Article VI, Section 2 of the New Mexico Constitution provides that a defendant "shall have an absolute right to one appeal." "However, a plea of guilty or nolo contendere, when voluntarily made after advice of counsel and with full understanding of the consequences, waives objections to prior defects in the proceedings and also operates as a waiver of statutory and constitutional rights, including the right to appeal." *State v. Hodge*, 1994-NMSC-087, ¶ 14, 118 N.M. 410, 882 P.2d 1; *State v. Singleton*, 2001-NMCA-054, ¶ 11, 130 N.M. 583, 28 P.3d 1124 (noting that "[f]undamental rights, including constitutional rights, can be waived"). We nevertheless recognize that a defendant can negotiate a conditional plea in which he reserves the right to appeal an issue raised in the pretrial motion. *See* Rule 5-304(A)(2) NMRA.

**{9}** In this case, Defendant entered into a conditional guilty plea and reserved his right to raise only a jurisdictional claim on appeal. Importantly, Defendant agreed that, with the exception of the jurisdictional issue, he would otherwise give up "any and all motions, defenses, objections or requests." Nothing in the plea agreement indicates that Defendant intended to reserve the right to raise an equal protection claim for appeal nor is there any indication in the record that he invoked a ruling on that issue

5

in either the magistrate or district courts. Accordingly, because he affirmatively waived his right to all defenses except jurisdiction, Defendant's constitutional claim may not be raised for the first time on appeal.

**{10}** To the extent that Defendant argues we should review the merits of his unpreserved equal protection claim under the fundamental error doctrine, we decline to do so. As our Supreme Court has noted, fundamental error or the failure to preserve error is different from waiver which is the "intentional relinquishment or abandonment of a known right." *State v. Chavarria*, 2009-NMSC-020, ¶ 15, 146 N.M. 251, 208 P.3d 896 (internal quotation marks and citation omitted). Thus, if a defendant has affirmatively waived the right to appeal, as opposed to failed to preserve the constitutional right at issue, there is no fundamental error. *See id.* Here, Defendant knowingly, intelligently, and voluntarily pled guilty to DWI and reserved his right to appeal jurisdiction only while specifically waiving all other rights and defenses. Because Defendant does not challenge the validity of his guilty plea, we conclude that Defendant waived his right to appeal the constitutionality of his plea conviction. Accordingly, there is no fundamental error necessitating reversal of Defendant's conviction in this case. *See id.* ¶ 16. We therefore do not reach the merits of Defendant's equal protection claim.

**CONCLUSION**

6

{11}    We affirm Defendant's guilty plea conviction.

{12}    **IT IS SO ORDERED.**


_____

                    **LINDA M. VANZI, Judge**

**WE CONCUR:**



_____
**JONATHAN B. SUTIN, Judge**




_____
**J. MILES HANISEE, Judge**