STATE V. WARREN

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**COBY WARREN,**
**Defendant-Appellant,**

NO. A-1-CA-37589

COURT OF APPEALS OF NEW MEXICO

February 19, 2019

APPEAL FROM THE DISTRICT COURT OF LEA COUNTY, William G. Shoobridge, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Ching Law Firm, Alexander B. Ching, Hobbs, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: JULIE J. VARGAS, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals his conviction, following a conditional plea, of telephone harassment. [DS 1] In his docketing statement, Defendant challenged New Mexico's jurisdiction to prosecute this case and asserted a defense based upon his right to free speech. [DS 3, 8] This Court issued a notice of proposed summary disposition,

proposing to affirm. [CN 6] Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm Defendant's conviction.

**{2}** In his docketing statement, Defendant based his jurisdictional challenge upon the fact that he was in Texas when he placed the telephone calls to New Mexico that form the basis of this prosecution. [DS 2] In his memorandum in opposition to summary disposition, Defendant invites us to revisit the holding in *State v. Allen*, 2014-NMCA-111, 336 P.3d 1007. [MIO 3-4] Specifically, Defendant invites us to hold that, as a matter of territorial jurisdiction, the State must establish both that a defendant's acts produced a detrimental effect in New Mexico and also that the defendant intended such effect. We decline that invitation. We also note that the facts of this case, in which Defendant placed telephone calls to New Mexico, suggest that he intended to have an effect in New Mexico.

**{3}** Defendant also continues to assert that he could not be prosecuted for telephone harassment because the victim was a public official with whom he had a professional and personal relationship. [DS 8; MIO 4-5] Defendant's argument is premised upon a passage from *State v. Stephens*, 1991-NMCA-019, 111 N.M. 543, 807 P.2d 241, construing the relevant statute "so as not to prohibit 'the right to communicate to another in a reasonable manner,' including reasonable calls by customers to express dissatisfaction, by irate citizens to public officials, and by individuals bickering over family matters." *Id.* ¶ 12. In short, the statute "requires that a call made with the intent to annoy or disturb must be made maliciously." *Id.* In *Stephens*, the evidence was insufficient to establish that the telephone calls "were inexcusable." *Id.* ¶ 14.

**{4}** In this case, Defendant asserts that he made irate calls to the victim out of concerns regarding his "public job performance as well as over family matters." [DS 10] Nothing in Defendant's docketing statement, however, informs us what those concerns were. Defendant also does not disclose anything actually said during the relevant telephone calls. Similarly, neither the record on appeal nor Defendant's memorandum in opposition to summary disposition discloses any portion of the content of the telephone calls. In short, there are no facts before this Court from which we could assess Defendant's claim that he was communicating "in a reasonable manner," *id.* ¶ 12, or whether he was, instead, acting maliciously.

**{5}** Our rules require that an appellant provide this Court with a summary of "all facts material to a consideration of the issues presented." Rule 12-208(D)(3) NMRA. In this case, Defendant has not done so. It is an appellant's burden to demonstrate the error committed below. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211. Where an appellant fails to provide us with a summary of all the facts necessary to our consideration of an issue raised on appeal, we cannot grant relief on the grounds so raised. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483; *see also State v. Hodge*, 1994-NMSC-087, ¶ 22, 118 N.M. 410, 882 P.2d 1 (holding that a challenge to the sufficiency of the evidence may be reserved in a conditional plea only when it concerns an issue "that can be decided without a full trial").

**{6}**     Thus, for the foregoing reasons, as well as those stated in our notice of proposed summary disposition, we affirm the judgment and sentence of the district court .

**{7}     IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**KRISTINA BOGARDUS, Judge**