This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41870**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ISRAEL MAURO RAMIREZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Richard M. Jacquez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** Defendant appeals from his conviction for reckless abuse of a child resulting in death, contrary to NMSA 1978, Section 30-6-1(D), (F) (2009). [1 RP 151, 243] This matter was submitted to the Court on a brief in chief pursuant to an order assigning this matter to the general calendar with modified briefing. Having considered the brief in chief and concluding the issues raised provide no possibility for reversal, and determining that this case is appropriate for resolution without further briefing, we affirm for the following reasons.

**BACKGROUND**

**{2}** Defendant entered a guilty plea in this case. [1 RP 151] Under the plea agreement, Defendant "gives up on any and all motions, defenses, objections or requests which the Defendant has made or raised, or could assert hereafter, to the [district] court's entry of judgment and imposition of a sentence consistent with this agreement." [1 RP 152] The agreement further states that Defendant "waives the right to appeal the conviction that results from the entry of this plea agreement." [Id.] Defendant concedes that at the time that he entered the plea agreement, he failed to reserve any issues for appeal. [BIC 7] Nevertheless, Defendant argues that the district court erred by denying his motion to sever and by denying his motion to withdraw his guilty plea. [BIC 8, 4]

**DISCUSSION**

**{3}** An unconditional plea—one that does not reserve specific issues for appeal—together with a waiver of the right to appeal waives a defendant's right to challenge either their conviction or their sentence on direct appeal. *State v. Mortensen*, 2025-NMCA-026, ¶ 7, ___ P.3d ___; *State v. Chavarria*, 2009-NMSC-020, ¶¶ 9, 17, 146 N.M. 251, 208 P.3d 896. A guilty plea, given knowingly and voluntarily, "waives objections to prior defects in the proceedings and also operates as a waiver of statutory or constitutional rights, including the right to appeal." *State v. Hodge*, 1994-NMSC-087, ¶ 14, 118 N.M. 410, 882 P.2d 1; *Chavarria*, 2009-NMSC-020, ¶ 16. As a result, Defendant's unconditional guilty plea waived any right to challenge on appeal the denial of the motion to sever counts, and we accordingly do not address this issue.

**{4}** The unconditional plea agreement does not, however, waive Defendant's right to appeal the district court's denial of the motion to withdraw the plea, which was based on an assertion of ineffective assistance of counsel. *See State v. Hunter*, 2006-NMSC-043, ¶¶ 7, 10, 25, 140 N.M. 406, 143 P.3d 168 (considering whether an unconditional plea was knowing and voluntary); *State v. Favela*, 2015-NMSC-005, ¶ 9, 343 P.3d 178 ("Where, as here, a defendant is represented by an attorney during the plea process and enters a plea upon the advice of that attorney, the voluntariness and intelligence of the defendant's plea generally depends on whether the attorney rendered ineffective assistance in counseling the plea." (internal quotation marks and citation omitted)).

**The Motion to Withdraw the Plea and Ineffective Assistance of Counsel**

**{5}** In arguing that the district court erred in denying his motion to withdraw his guilty plea, Defendant suggests that his plea was not knowingly and voluntarily made because he received ineffective assistance of counsel. [BIC 11] In particular, Defendant asserts that he was not adequately advised by trial counsel that Child's mother (Mother) had been offered a misdemeanor plea bargain in her case, that such information demonstrated that the State's evidence in support of the charges was insufficient to prove the charges against him, and that he would have chosen to proceed to trial had he been properly advised. [BIC 9-10]

**{6}** We review claims of ineffective assistance of counsel de novo, and "defer to the findings of fact of the trial court if substantial evidence supports the court's findings." *State v. Crocco*, 2014-NMSC-016, ¶ 11, 327 P.3d 1068.  In order to prove a claim of ineffective assistance, the defendant bears the burden of demonstrating that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Favela*, 2015-NMSC-005, ¶ 10. We generally presume that "counsel's conduct falls within the wide range of reasonable professional assistance," and counsel's performance is deficient only if it falls "below an objective standard of reasonableness." *See Hunter*, 2006-NMSC-043, ¶ 13 (internal quotation marks and citation omitted).

**{7}** Here, Defendant was charged with intentional abuse of a child under twelve resulting in death and abuse of a child resulting in great bodily harm. [1 RP 1] In November of 2023, Defendant pleaded guilty to reckless abuse of a child resulting in death. [1 RP 151] The State's evidence supporting those charges included Defendant's statements, Defendant's internet searches, medical evidence, and a neighbor's testimony. [RP 220, 224-25] The evidence also indicates Defendant was caring for Child while Mother at work when he found Child unresponsive in her crib. [BIC 2] Defendant's plea colloquy conformed to the requirements of Rule 5-303(F) NMRA (requiring that the district court, prior to accepting the plea, confirm a defendant's understanding of, among other things, the minimum and maximum possible penalty, the right to a not guilty plea, and the waiver of the right to trial). [BIC 11] Mother, who was initially charged with reckless child abuse resulting in death, pleaded guilty to a misdemeanor in January of 2024. [BIC 3; RP 197]

**{8}** Defendant's argument on appeal is that trial counsel failed to inform him of Mother's plea agreement—information he believes was of strategic relevance to his own case. [BIC 9-11] Defendant has not identified any case law in which failure to notify a defendant of events in a different case amounts to deficient performance. *See Hunter*, 2006-NMSC-043, ¶ 14 (collecting cases in which omissions relating to counsel's basic duty to communicate with a client, including failure to investigate, failure to discuss possible defenses, and failure to advise regarding immigration consequences). Moreover, Defendant has not identified any facts in the record to indicate trial counsel knew or should have known about Mother's plea agreement in November of 2023 when Defendant entered into his plea agreement. In fact, the record indicates defense counsel did not learn of Mother's plea agreement until January of 2024. [RP 160] In addition, Defendant has not identified any authority requiring that the State inform defense counsel of its plea agreement with Mother. *See generally State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 (recognizing that where a party does not cite to authority to support a proposition, appellate courts assume no such authority exists).

**{9}** Defendant also asserts that "the misdemeanor bargain offered to [Mother] indicated that the State viewed the evidence as insufficient to prove reckless child abuse by either party." [BIC 9] We disagree. There are a myriad of reasons the State might have reached a plea agreement with a different defendant in a different case, and we are unpersuaded that Defendant has established a prima facie case in this direct appeal that trial counsel erred by not anticipating or discovering the reason for the plea

agreement that was offered to Mother after Defendant entered his plea. *See State v. Ortega*, 2014-NMSC-017, ¶¶ 57, 60, 327 P.3d 1076 (noting that claims of ineffective assistance of counsel that are not supported by "prima facie evidence" on direct appeal are better suited for habeas corpus proceedings that permit a more developed record (internal quotation marks and citation omitted)). We therefore conclude Defendant has failed to meet his burden of demonstrating that trial counsel's performance was deficient. Because Defendant has failed to establish trial counsel's performance was deficient, we need not consider whether Defendant was prejudiced. *See Favela*, 2015-NMSC-005, ¶ 10 (providing that a claim of ineffective assistance of counsel can only prevail where a defendant demonstrates that counsel's conduct was unreasonable *and* that the defendant suffered prejudice as a result).

**{10}** Accordingly, we conclude the district court did not abuse its discretion in denying Defendant's motion to withdraw his guilty plea.

**{11}** For the foregoing reasons, we affirm.

**{12} IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**JENNIFER L. ATTREP, Judge**