1997-NMSC-062

951 P.2d 616

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Jose Abraham ARAGON, Defendant–
Appellant.**

**No. 23842.**

Supreme Court of New Mexico.

Nov. 21, 1997.

Rita LaLumia, Santa Fe, for Appellant.

Tom Udall, Attorney General, Joel Jacobsen, Assistant Attorney General, Santa Fe, for Appellee.

## OPINION

MINZNER, Justice.

[1] Defendant Jose A. Aragon appeals from his sentence of eighteen months incarceration pursuant to NMSA 1978, § 66–8–102(G) (1994, prior to 1997 amendment) (enhancing penalty for fourth offense of driving while intoxicated ("DWI")). We affirm.

### I.

[2] Aragon pleaded guilty to felony DWI or, in the alternative, misdemeanor DWI and other misdemeanor offenses. At sentencing, the State offered proof of three prior convictions occurring on January 3, 1978, January 1, 1984, and October 2, 1984. The trial court found Aragon guilty of felony DWI and sentenced him to eighteen months.

[3] Aragon moved for reconsideration, arguing there was no indication in the record that he either had counsel or waived his right to counsel for the 1978 conviction. The court found that the 1978 conviction "was not made with the aid of an attorney and the defendant did not waive his right to have an attorney." The court denied Aragon's motion to reconsider, however, on the ground that Aragon had received a suspended sentence in 1978. The court reasoned that under *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), the 1978 conviction

was valid for purposes of enhancement because Aragon had not been actually imprisoned.

## II.

[4] On appeal, Aragon argues that he was denied his right to due process of law under the United States Constitution. He contends that the trial court erred in concluding that the 1978 conviction could be used to enhance his 1996 conviction to a felony. He also suggests that the New Mexico Constitution precludes the use of any uncounseled misdemeanor conviction for a sentence enhancement that results in a sentence of imprisonment.

[5] The State argues that Aragon did not reserve any issue for appeal when he pleaded guilty. The State also notes that as a result of the guilty plea and the determination that the State had proved three prior DWI convictions, all charges other than the charge of driving while intoxicated were dismissed. The State argues that Aragon has not reserved the issues argued on appeal because he did not enter a conditional plea agreement. *See State v. Hodge,* 118 N.M. 410, 416–17, 882 P.2d 1, 7–8 (1994) (outlining procedures for entering a conditional plea agreement so as to reserve an issue for appellate review).

[6] We reject the State's argument that no issues were reserved for appeal. The plea agreement states that the plea alternatives depend on whether "the State can prove sufficient prior [DWI] convictions to convict the defendant of a felony or a misdemeanor." Thus, Aragon reserved for appeal an issue; the issue reserved is whether the State proved three valid prior convictions and thus established a felony offense. *See* Section 66–8–102(G). The court, in finding that the 1978 conviction was not counseled, made a factual determination that was relevant to the legal question of whether the State had established Aragon committed a felony. We conclude that Aragon properly reserved the issue he argues on appeal.

[7] We also conclude that Aragon preserved this issue for appeal "by invoking a ruling from the court on the question."

*Hodge,* 118 N.M. at 418, 882 P.2d at 9. Our rules of procedure provide for a motion to correct a sentence. Rule 5–801 NMRA 1997. Aragon's motion to correct his sentence in accordance with Rule 5–801 satisfies Rule 12–216(A) NMRA 1997 (requiring "that a ruling or decision of the district court was fairly invoked" to preserve an issue for appeal). We conclude Aragon properly raised the issue of the propriety of his sentence by moving for reconsideration.

## III.

[8] We have read *Nichols* to adopt "a bright line that divides convictions resulting in a sentence of imprisonment from those that result in a fine or other penalty." *State v. Gonzales,* 1997 NMSC 050, ¶ 12, 124 N.M. 171, 947 P.2d 128. Uncounseled convictions that result in a sentence of imprisonment, whether actually served or suspended, violate the Sixth Amendment right to counsel as applied to the states through the Fourteenth Amendment. *Argersinger v. Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972). However, an uncounseled conviction not resulting in a sentence of imprisonment does not violate the Sixth Amendment right to counsel. *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). Therefore, an uncounseled conviction that does not result in a sentence of imprisonment may be used to enhance the sentence for a subsequent offense. *Nichols,* 511 U.S. at 749, 114 S.Ct. at 1928.

[9] In the present matter, although Aragon's sentence for his 1978 conviction, like the sentence at issue in *Gonzales,* was suspended, Aragon's sentence did not include any term of imprisonment. Rather, Aragon was sentenced to a fine, the payment of which the trial court suspended. Under *Nichols,* the use of the 1978 conviction to enhance Aragon's present DWI does not violate the Federal Constitution. Thus, in this case, unlike *Gonzales,* we now must address Aragon's argument under the New Mexico Constitution. *State v. Gomez,* 1997 NMSC 006, ¶ 19, 122 N.M. 777, 932 P.2d 1 (requiring examination of properly preserved state constitutional issue when asserted right is not

protected under analogous provision of federal constitution).

[10] In *State v. Woodruff*, 1997 NMSC 061, ¶ 37, 124 N.M. 388, 951 P.2d 605, we concluded that no independent state constitutional ground for precluding the use of a prior uncounseled misdemeanor conviction had been established. As in *Woodruff*, Aragon complains of the use of one prior uncounseled misdemeanor conviction not resulting in imprisonment in the enhancement of his present DWI. That conviction elevated his 1984 offenses to second and third offenses. The use of Aragon's 1978 uncounseled misdemeanor conviction for enhancement is consistent with *Woodruff*. We therefore hold that Aragon's conviction for felony DWI does not violate the right to counsel or the right to due process protected by the New Mexico Constitution. N.M. Const. art. II, §§ 14, 18.

### IV.

[11] The judgment and sentence entered under Section 66–8–102(G) is affirmed.

[12] IT IS SO ORDERED.

FRANCHINI, C.J., and BACA, SERNA, and McKINNON, JJ., concur.