This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                     **NO. 32,495**

**GUILLERMO VELASQUEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Samuel L. Winder, District Judge**

Gary K. King, Attorney General
Olga Serifimova
Santa Fe, NM

for Appellant

Bennett J. Baur, Acting Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     The State is appealing from a district court ruling that a 1999 prior misdemeanor driving while intoxicated (DWI) conviction could not be used to enhance a current conviction because Defendant had not been represented by counsel in the 1999 proceeding. [RP 77] Our second calendar notice proposed to affirm. The State has responded with a memorandum in opposition. Not persuaded by the State's arguments, we affirm.

{2}     In *State v. Aragon*, 1997-NMSC-062, ¶ 8, 124 N.M. 399, 951 P.2d 616, our Supreme Court stated the following.

> Uncounseled convictions that result in a sentence of imprisonment, whether actually served or suspended, violate the Sixth Amendment right to counsel as applied to the states through the Fourteenth Amendment.

{3}     In this case, contrary to the State's assertion [MIO 3-4], the 1999 judgment contained a term of imprisonment, which was suspended with conditions. [RP 57-62] Accordingly, it could not be used to enhance Defendant's sentence unless he had counsel or had waived counsel, and the State concedes that the 1999 conviction was uncounseled. [MIO 5] Nevertheless, in its memorandum in opposition, the State argues [MIO 5-6] that the above-quoted language is dicta, because the defendant in *Aragon* received a fine and not a suspended sentence. *See Aragon*, 1997-NMSC-062, ¶ 9. However, we consider the above-quoted language to be controlling because it draws a legal boundary for the requirement of counsel, and the fact that the judgment in that case fell on the other side of that boundary does not affect the substance and

impact of the rule. *See Alexander v. Delgado*, 1973-NMSC-030, ¶ 8, 84 N.M. 717, 507 P.2d 778 (noting that our Supreme Court precedent controls). In other words, it is not dicta. Accordingly, we affirm the district court.

{4}     **IT IS SO ORDERED.**

_____
                              **LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**



_____
**MICHAEL D. BUSTAMANTE, Judge**