884 P.2d 477

STATE of New Mexico, Plaintiff–
Respondent,

v.

Donnie RICKARD, Charlene Jones, a/k/a
Charlene Frazier, Patricia Price and
Bonnie Ray Wrighter, Defendants–Peti-
tioners.

Nos. 22250 to 22253.

Supreme Court of New Mexico.

Oct. 20, 1994.

Sammy J. Quintana, Chief Public Defend-
er, Rita LaLumia, Christopher Bulman, Asst.
Appellate Defenders, Santa Fe, for petition-
ers.

Tom Udall, Atty. Gen., Ann M. Harvey,
Anthony Tupler, William McEuen, Margaret
McLean, Asst. Attys. Gen., Santa Fe, for
respondents.

*OPINION*

MONTGOMERY, Justice.

We issued writs of certiorari to the New
Mexico Court of Appeals on the petitions of
Donnie Rickard, Charlene Jones, a/k/a Char-
lene Frazier, Patricia Price, and Bonnie Ray
Wrighter, to review an opinion of that Court
affirming the convictions of the four petition-
ers for possession of a controlled substance
based on evidence of cocaine in their urine.
*See State v. Rickard,* 118 N.M. 312, 881 P.2d
57 (1994). On our own motion we consolidate
these four cases for decision and now affirm
in part and reverse in part.

■ In its opinion below the Court of Ap-
peals rejected the petitioners' claims that
their convictions were not supported by suffi-
cient evidence, holding that each petitioner
had entered a plea of guilty or nolo contende-
re and that such a plea waived any challenge
to the sufficiency of the evidence. Each
petitioner's plea, however, was conditional
and reserved for appellate review his or her
position that the mere presence of cocaine or
its metabolites in a defendant's urine is not
sufficient evidence on which to base a convic-
tion. The Court of Appeals upheld this posi-
tion as to two (other) defendants in *State v.
McCoy,* 116 N.M. 491, 497–98, 864 P.2d 307,
313–14 (Ct.App.1993), but, as just noted,
ruled as to the four remaining defendants in
that case that their guilty pleas waived their
challenges to the sufficiency of the evidence,
*id.* at 498–500, 864 P.2d at 313–15. We
recently reversed this latter ruling in *State v.
Hodge,* 118 N.M. 410, 882 P.2d 1 (1994). In
*Hodge* we approved use of conditional plea
agreements and held that each defendant in
that case had conditioned his or her plea on

appellate review of the question "whether the presence of cocaine in a urine sample was, by itself, sufficient evidence of possession of the drug to warrant conviction." *Id.* at 417, 882 P.2d at 8.

The records in this case show that each of the petitioners conditioned his or her plea on the right to appeal the same issue as was addressed in *Hodge.* Therefore, based on *Hodge,* we reverse the Court of Appeals' decision as to three of the present defendants—Rickard, Price, and Wrighter—and remand their cases to the district courts in which they arose with instructions to vacate the convictions of possession of a controlled substance.

■ Jones's case, however, presents different circumstances requiring that her conviction be affirmed. She stipulated to certain facts for purposes of appeal, including the fact "[t]hat subsequent to her arrest for parole violation, based on the positive results for cocaine in her urine, [she] made admissions to [her supervising parole officer], to the effect that she had knowingly consumed cocaine prior to giving the urine specimen." Her admission constitutes corroborating evidence that she had the intent to possess the drug. *See McCoy,* 116 N.M. at 496–97, 864 P.2d at 312–13. That evidence, combined with the circumstantial evidence of possession provided by the positive drug test, was sufficient to support her conviction. *See id.*

Jones argues that this Court should review her contention that her trial counsel was ineffective for failing to move to suppress her admission to her parole officer based on the officer's alleged failure to give a *Miranda* warning. However, we see no reason to disturb—and we therefore affirm—the Court of Appeals' holding that the record is inadequate for review of this issue and that the proper avenue for relief is a postconviction proceeding in which an adequate record can be developed. *See Rickard,* 118 N.M. at 317, 881 P.2d at 62.

The decision of the Court of Appeals is affirmed in part and reversed in part, and the cases are remanded to the respective trial courts for further proceedings consistent with this opinion.

IT IS SO ORDERED.

RANSOM and FRANCHINI, JJ., concur.