This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      **NO. 29,832**

**RHONDA PINKERTON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray,  District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals her conviction and sentence for one count of trafficking by possession with intent to distribute.  [DS 2]  We proposed to affirm in a notice of

proposed summary disposition. Pursuant to an extension, Defendant has filed a timely memorandum in opposition to our proposed disposition and a motion to amend the docketing statement, both of which we have duly considered. We conclude that Defendant's motion to amend the docketing statement does not raise a viable issue and therefore deny her motion. Furthermore, we are unconvinced by the arguments in Defendant's memorandum in opposition and thus affirm her conviction and sentence.

**Motion to amend the docketing statement**

In her docketing statement, Defendant contended that the district court abused its discretion in denying her motion to suppress the evidence allegedly "seized as fruit of the poisonous tree." [DS 5] We proposed to reject this issue because Defendant waived it by failing to reserve it in her plea agreement. [RP 89-93] *See State v. Hodge*, 118 N.M. 410, 414, 882 P.2d 1, 5 (1994) (stating that "a plea of guilty or nolo contendere, when voluntarily made after advice of counsel and with full understanding of the consequences, waives objections to prior defects in the proceedings and also operates as a waiver of statutory or constitutional rights, including the right to appeal"); *State v. Barnett*, 1998-NMCA-105, ¶ 26, 125 N.M. 739, 965 P.2d 323 (acknowledging that "a knowing and voluntary guilty plea generally carries with it a

waiver of the right to subsequently raise issues that were not specifically reserved as part of the plea agreement").

Defendant now moves to amend her docketing statement to add a claim that counsel's failure to reserve the right to appeal the denial of the motion to suppress constitutes ineffective assistance of counsel. [MIO 2-5] We deny her motion because she has failed to present a viable issue by failing to establish a prima facie case of ineffective assistance of counsel.

Under Rule 12-208(F) NMRA, this Court "may, upon good cause shown, allow the amendment of the docketing statement." *State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

There is a two fold test for proving ineffective assistance of counsel. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on Defendant to prove both that: (1) counsel's performance fell below that of a reasonably competent attorney, and (2) that defendant was prejudiced by the deficient performance. *Id.* "On appeal we will not second guess the trial strategy and tactics

3

of the defense counsel." *State v. Gonzales*, 113 N.M. 221, 230, 824 P.2d 1023, 1032 (1992). In this case, the discussions between defense counsel and Defendant as to the grounds for the motion to suppress and the decision whether to reserve or preserve the right to appeal the denial of the motion to suppress in the plea agreement are not matters of record for review on direct appeal. Furthermore, the material in the record indicates that the plea was the result of negotiations between the parties because, in exchange for Defendant's plea, the charges of possession of drug paraphernalia and tampering with evidence were dismissed. [RP 90, 94] *See State v. Rickard*, 118 N.M. 312, 317, 881 P.2d 57, 62 (Ct. App. 1994) (recognizing that counsel's recommendation to plead guilty is a tactical decision because there are potential benefits to a plea bargain and "[w]ithout a record to establish defense counsel['s] reasons for suggesting [a] plea agreement[], this issue is not viable on direct appeal"), *rev'd in part on other grounds*, 118 N.M. 586, 587, 884 P.2d 477, 478 (1994).

Therefore, the record fails to establish a prima facie case of ineffective assistance of counsel because it fails to establish either a deficient performance by trial counsel or prejudice to Defendant. As Defendant has failed to make a prima facie case of ineffective assistance of counsel, we deny the motion to amend the docketing statement because it fails to raise a viable issue. *Cf. State v. Powers*, 111 N.M. 10, 12,

800 P.2d 1067, 1069 (Ct. App. 1990) (discussing when this Court will remand for a hearing on a claim of ineffective assistance of counsel).

In closing, we note that, contrary to Defendant's contentions, our failure to review the propriety of the order denying the motion to suppress on direct appeal does not foreclose all appellate review of this order. [MIO 3] Defendant may still have the opportunity for appellate review because she may seek habeas relief by filing a habeas petition in conformity with Rule 5-802 NMRA. *See State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 (stating that ineffective assistance of counsel claims are normally heard on a petition for habeas corpus). For the foregoing reasons, we deny Defendant's motion to amend the docketing statement.

**Sentence**

Defendant was sentenced to a term of nine years, four years to be served in the New Mexico Corrections Department and five years suspended. [RP 95-96] The suspended portion of the sentence is to be served on supervised probation and to run concurrently with the two-year term of parole. [RP 96] In her docketing statement, Defendant claimed that the district court abused its discretion in sentencing her to five years of supervised probation for the suspended portion of her sentence because she

was not advised by counsel that this could occur and it was not part of the plea agreement. [DS 6] In our previous notice, we proposed to affirm.

In her memorandum in opposition, Defendant fails to challenge our proposed disposition. *Cf. Frick v. Veazey*, 116 N.M. 246, 247, 861 P.2d 287, 288 (Ct. App. 1993) (noting that "[f]ailure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice"). Therefore, for the reasons set forth in our notice of proposed summary disposition, we affirm the district court's order sentencing Defendant to five years of supervised probation for the suspended portion of her sentence. *See id.*

For the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm Defendant's conviction and sentence.

**IT IS SO ORDERED**.


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Judge**

_____

**RODERICK T. KENNEDY, Judge**