2000 OK JUD ETH 2

## JUDICIAL ETHICS OPINION 2000–2.

Oklahoma Judicial Ethics Advisory Panel.

June 12, 2000.

¶ 0 QUESTION 1: May a trial judge receive the *pro bono* services of a private law firm, working in the role as a law clerk?

¶ 1 SPECIFIC FACTS: The trial judge will be in desperate need of a law clerk for a short time as the judge is handling his regular docket and has been assigned a case that will take a substantial part of the judge's time. A law firm has offered its services as "law clerk" for the single case, not the judge's regular docket. The following facts are unquestioned:

1. Some of the members of the law firm are friends of the judge and the firm volunteered its services as law clerks as a part of its *pro bono* contribution to the legal system.

2. None of the attorneys in the firm who would work on the case in question have any conflicts that would in any manner effect their work on the case.

3. None of the attorneys in the firm have appeared before the judge, are not likely to appear before the judge and if in the future they do, they will agree that the judge recuse.

¶ 2 WE ANSWER: NO.

¶ 3 Canon 2: "A judge should avoid impropriety and the appearance of impropriety in all of the judge's activities."

¶ 4 Canon 3(B)(6): "A judge should not initiate, nor consider *ex parte* communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding except that:

(b) A judge may obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge if the judge gives notice to the parties of the person consulted and the substance of the advice, with a record being made, and affords the parties reasonable opportunity to respond.

(c) A judge may consult with court personnel whose function is to aid the judge in carrying out the judge's adjudicative responsibilities or with other judges."

¶ 5 We accept without question the integrity of the judge and we believe from the material submitted without question, the *pro bono* offer is altruistic. While we are convinced that there is no impropriety in the offer, we believe the *appearance* of impropriety does exist and the *pro bono* work and motives would be questioned by reasonable observers.

¶ 6 The Canon cited above concerning advice of a disinterested expert has requirements that would make the work of a law clerk somewhat impractical. The Canon contemplates that the attorneys should be notified of the advice submitted by the person consulted, that a record be made of anything the "law clerk" submitted to the judge and the parties would be given an opportunity to respond to the particular advice or materials submitted by the expert to the judge. Very possibly, the attorneys would have a right to

depose the law clerk as to the opinions submitted by the law clerk.

¶ 7 We note another exception to the prohibition of *ex parte* communications and cite above paragraph 6(c), which sets out that a judge may consult Court personnel whose function is to aide the judge in adjudicative responsibilities and may consult other judges. Clearly, this exception does not contemplate consultation with lawyers.

¶ 8 Our answer does not give consideration to the exigencies of the circumstances. We note that the Canons require a judge to dispose of all judicial matters promptly, Canon 3(B)(7), and the fact that the judge is overworked is not really a justification to ignore or violate the Canons.

¶ 9 We believe a judge who has been assigned more cases than he can reasonably deal with, can obtain relief through regular judicial administrative procedures.

¶ 10 In conclusion, we advise that a trial judge should not accept *pro bono* services of a private law firm.

¶ 11 /s/ Robert L. Bailey
ROBERT L. BAILEY, Chairman
¶ 12 /s/ Robert A. Layden
ROBERT A. LAYDEN, Vice–Chairman
¶ 13 MILTON C. CRAIG, recused