This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. NO. 34,444

**JOEY FLORES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Matthew J. Sandoval, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}      Defendant has appealed following his conviction for DWI (6th offense). We

previously issued a notice of proposed summary disposition in which we proposed to dismiss. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we dismiss the appeal.

{2} As we previously observed, Defendant pled guilty. On appeal, he seeks to challenge the denial of a motion which preceded the entry of the plea. However, Defendant failed to reserve the right to appeal the district court's determination. Under the circumstances, his guilty plea operates as a waiver of the right to appeal, *State v. Hodge*, 1994-NMSC-087, ¶ 14, 118 N.M. 410, 882 P.2d 1, such that dismissal is in order. *See State v. Chavarria*, 2009-NMSC-020, ¶¶ 9-10, 18, 146 N.M. 251, 208 P.3d 896 (dismissing an appeal following the entry of an unconditional plea).

{3} In his memorandum in opposition Defendant appears to suggest that *Chavarria* is inapplicable, insofar as it presented a preservation problem. [MIO 2] However, *Chavarria* clearly invoked and applied the principles articulated in *Hodge*: insofar as the defendant entered an unconditional plea of guilty and waived the right to appeal, where in the Supreme Court then concluded that the appeal was subject to dismissal. 2009-NMSC-020, ¶¶ 9-10, 18. The instant case is not meaningfully distinguishable.

{4} We understand Defendant to suggest that trial counsel's intent to enter a conditional plea should alter the result. [MIO 1] However, conditional pleas may only be entered upon the State's consent and the district court's approval. *See* Rule

5-304(A)(2) NMRA ("With the approval of the court and the consent of the state, a defendant may enter a conditional plea of guilty or no contest, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pre-trial motion."); *Hodge*, 1994-NMSC-087, ¶ 20 ("Entry of a conditional plea is contingent upon approval of the court and consent of the prosecution."); *State v. Padilla*, 2006-NMCA-070, ¶ 12, 139 N.M. 700, 137 P.3d 640 ("Rule 5-304(A)(2) contemplates the consent to a conditional plea by the State and approval by the district court."). Although an appellate court can pardon certain informalities, the record must demonstrate that the defendant expressed an intention to preserve a particular pretrial issue for appeal and that neither the State nor the district court opposed such a plea. *Id.* In this case, the record does not so demonstrate. To the contrary, it reflects that trial counsel indicated that no appeal was contemplated. [RP 102] Under the circumstances, trial counsel's unilateral and apparently unexpressed intent lacks efficacy.

{5}     Alternatively, Defendant suggests that his failure to enter a conditional plea should be ascribed to ineffective assistance of counsel, on which basis he urges the Court to consider the merits. [MIO 3-5]  To establish a prima facie case of effective assistance of counsel, Defendant must show:  (1) that the attorney's conduct fell an objective standard of reasonableness; and (2) were it not for his attorney's

3

unreasonable course of action, he would not have made the plea. *See State v. Tran*, 2009-NMCA-010, ¶ 20, 145 N.M. 487, 200 P.3d 537; *see also Patterson v. LeMaster*, 2001-NMSC-013, ¶ 18, 130 N.M. 179, 21 P.3d 1032 ("[I]n the plea bargain context a defendant must establish that his counsel's performance was objectively unreasonable and that but for counsel's errors, he would not have pleaded guilty and instead gone to trial." (internal quotation marks and citation omitted)). Defendant has failed to make any showing or advance any claim in satisfaction of the second requirement, and we find no support for it in the record. [MIO 4; RP 102-03] As a consequence, we reject Defendant's argument. *Cf. State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (expressing a preference for habeas corpus proceeding over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel).

**{6}**     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we dismiss.

**{7}**     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

4

_____

**J. MILES HANISEE, Judge**