This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37748

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JAMES MICHAEL GALLEGOS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sarah C. Backus, District Judge**

Hector H. Balderas, Attorney General
Maha Khoury, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Pursuant to a conditional plea agreement, Defendant James Gallegos appeals the district court's denial of his motion to suppress incriminating statements he made during questioning at the Taos County Detention Center.

**{2}** The State raises a threshold issue, contending that Defendant waived his right to appeal based on contradictory language in his written conditional plea agreement. Holding that Defendant's entered into a valid conditional plea agreement in compliance with Rule 5-304(A)(2) NMRA, we address Defendant's claims on appeal. Defendant contends that the district court erred in denying his motion to suppress for two reasons:

(1) the State was required by NMSA 1978, Section 29-1-16 (2005) ("Electronic recordings of custodial interrogations.") to introduce into evidence an electronic recording of an officer reading Defendant his *Miranda* rights and failed to do so; and (2) the district court's finding that Defendant was given *Miranda* warnings by Agent Joey Gallegos is not supported by substantial evidence in the record. We disagree with both of Defendant's contentions, and therefore affirm the district court's decision denying Defendant's motion to suppress.

**BACKGROUND**

**{3}** Defendant was incarcerated at the Taos County Detention Center when a fellow inmate died of a heroin overdose. State Police Agents William Terrazas and Gallegos questioned Defendant at the jail about the incident. During questioning, Defendant made incriminating statements admitting to transferring heroin to a third inmate who thereafter transferred it to the decedent.

**{4}** Defendant filed a motion to suppress the incriminating statements, claiming that he was not advised of his constitutional right to remain silent prior to questioning by the police. Although both Agent Gallegos and Agent Terrazas wore belt recorders, neither officer recorded the giving of *Miranda* warnings to Defendant. Agent Gallegos did not record any of his interaction with Defendant. Agent Terrazas began recording shortly before he entered the interview room where Defendant was waiting. The State stipulated that no *Miranda* warnings were given during the time Agent Terrazas's belt recorder was running.

**{5}** At the suppression hearing, Agent Gallegos testified that he advised Defendant of his Miranda rights before Agent Terrazas arrived. Agent Gallegos testified that he escorted Defendant to the interview room, gave Defendant *Miranda* warnings, waited for Agent Terrazas to arrive, and remained in the room with Defendant and Agent Terrazas until the interview ended. Agent Gallegos testified that he has been an agent for fifteen years; has been trained to conduct interviews; and has interviewed over a thousand people.

**{6}** Agent Terrazas's belt recording was admitted into evidence. The first few minutes of the belt recording, before the questioning began, were reviewed by the district court. The recording begins as Agent Terrazas approaches and then enters the interview room and continues throughout the questioning of Defendant. As stipulated by the State, no *Miranda* warnings are audible on the recording nor is Defendant asked before the questioning begins about whether he was given *Miranda* warnings.

**{7}** After listening to Agent Gallegos's testimony and reviewing Agent Terrazas's belt recording, the district court denied Defendant's motion to suppress. The district court explained its ruling as follows:

> [Agent Gallegos's] recollection is that he was in the room with the
> Defendant, had *Mirandized* him, and then [Agent Terrazas] came in. The

fact that the *Miranda* is not on the tape is consistent with the testimony, and I do not have any reason to question the veracity of [Agent Gallegos's] testimony . . . I am satisfied that he was [*Mirandized*].

**{8}** At a subsequent plea hearing, defense counsel informed the district court that Defendant was reserving his right to appeal the denial of his suppression motion. The State interjected, providing the court with the correct case number. With the State's clarification, the court indicated its agreement to a conditional plea.

**{9}** Defense counsel then submitted to the district court a consolidated eleven-page plea agreement prepared by the State and signed by both Defendant and the State. The title printed on the plea document read "Plea and Disposition Agreement." The prosecutor had hand-written the word "Conditional" before the title "Plea and Disposition Agreement," and had initialed the change.

**{10}** Although not raised or noticed by the State at the time and apparently also not noticed by Defendant or the district court, the written plea agreement submitted to the court had the same language used for the other unconditional pleas. It stated that Defendant "waive[d] his right to appeal."

## DISCUSSION

### I. Defendant Entered a Valid Conditional Plea Agreement

**{11}** The State contends that Defendant's conditional plea agreement is invalid based on the inclusion of a sentence in the written plea agreement stating that Defendant "waive[d] his right to appeal." We disagree.

**{12}** A conditional plea is a procedure that enables a defendant to reserve a significant pretrial issue for appeal in a case where conviction is virtually certain unless the defendant prevails on the pretrial issue. *State v. Winters*, 2015-NMCA-050, ¶ 17, 349 P.3d 524. Rule 5-304(A)(2) governs conditional pleas. Rule 5-304(A)(2) states:

> With the approval of the court and the consent of the state, a defendant may enter a conditional plea of guilty or no contest, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pre[-]trial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

**{13}** Our Supreme Court stated in *State v. Hodge* that "the critical requirements for a conditional plea are that the defendant express an intention to reserve a particular pretrial issue for appeal and that neither the prosecution nor the [district] court oppose such a plea." 1994-NMSC-087, ¶ 23, 118 N.M. 410, 882 P.2d 1. So long as the record demonstrates that "the spirit of [the rule] has been fulfilled[,]" by meeting these requirements, "an appellate court can pardon the informalities of a conditional plea." *Id.* ¶ 21 (internal quotation marks and citation omitted).

**{14}** In this case, the record shows that the Defendant expressed a clear intention to reserve for appeal the issues argued in his motion to suppress. Defense counsel told the district court that Defendant was reserving his right to appeal from the district court's ruling denying the motion to suppress. The court assented. The State did not object. Indeed, the State made sure the court had the correct case number, thereby clarifying for the court which issues Defendant wanted to appeal. The State also indicated its approval by handwriting into the title of Defendant's written plea agreement the word, "Conditional," initialing the change, and signing the agreement.

**{15}** The State's claim that Defendant's conditional plea is invalid is based on the failure of Defendant's counsel to strike out a sentence in the written plea agreement prepared by the prosecution prior to the plea hearing stating that Defendant was "waiv[ing] his right to appeal." It is undisputed that the failure to strike this language was not brought to the attention of Defendant or his counsel in the district court when a correction could have been made to mirror the verbal agreement adopted during the plea hearing.

**{16}** Having reviewed the evidence in the record, we conclude that the standards set by our Supreme Court for a valid conditional plea were met: Defendant's intent to reserve the issues raised in this appeal is apparent on the record and no objection was raised by either the prosecution or the district court. *See State v. Gage R.*, 2010-NMCA-104, ¶ 7, 149 N.M. 14, 243 P.3d 453 (holding that a conditional plea agreement is valid where the intent to appeal is obvious, despite an unclear or incomplete writing); *State v. Padilla*, 2006-NMCA-070, ¶¶ 11-12, 139 N.M. 700, 137 P.3d 640 (holding that oral representations and oral acquiescence by the prosecution and this district court are sufficient to secure the defendant's right to appeal).

**{17}** We hold that Defendant entered into a valid conditional plea agreement and proceed to address the merits of Defendant's appeal.

## II. Section 29-1-16 Does Not Apply to Custodial Interrogations Within a Correctional Facility

**{18}** Defendant contends that the State was required by Section 29-1-16 to introduce into evidence either a recording or a written memorial of his waiver of his *Miranda* rights, and, that absent such evidence, his statement must be suppressed. We disagree.

**{19}** Section 29-1-16 requires the recording of custodial interrogations, including the advising of constitutional rights, in certain situations. By its own terms, however, the statute's requirements do not apply to custodial interrogations conducted within a correctional facility. Section 29-1-16(G) states: "The provisions of this section do not apply within a correctional facility." If a statute contains clear and unambiguous language, this Court "will heed that language and refrain from further statutory interpretation." *State v. Gonzales*, 2017-NMCA-080, ¶ 19, 406 P.3d 534 (internal quotation marks and citation omitted). Neither party has suggested any ambiguity in this provision, nor do we find it ambiguous. We therefore apply it as written.

**{20}** Defendant does not dispute that he was an inmate of the Taos County Detention Center, that he was questioned within that facility, or that it was "a correctional facility." We, therefore, hold that pursuant to the exception stated in Section 29-1-16(G), the provisions of the Electronic Recordings Act do not apply to Defendant's custodial interrogation.

**{21}** Given our ruling, we need not address the other arguments made by the parties concerning the construction and application of Section 29-1-16.

### III. Substantial Evidence in the Record Supports the District Court's Finding That Defendant Was Advised of His Constitutional Rights Prior to Questioning

**{22}** "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Ketelson*, 2011-NMSC-023, ¶ 9, 150 N.M. 137, 257 P.3d 957. "First, we look for substantial evidence to support the district court's factual finding, with deference to the district court's review of the testimony and other evidence presented." *State v. Martinez*, 2018-NMSC-007, ¶ 8, 410 P.3d 186 (internal quotation marks and citation omitted). We then "review de novo the ultimate determination of whether a defendant validly waived his or her *Miranda* rights prior to police questioning." *State v. Barrera*, 2001-NMSC-014, ¶ 23, 130 N.M. 227, 22 P.3d 1177.

**{23}** Defendant argues that the objective evidence from Agent Terrazas's belt recording demonstrates that Defendant was not advised of his *Miranda* rights and that the district court erred by relying on Agent Gallegos's testimony to contradict the objective evidence. We disagree.

**{24}** Our resolution of this issue turns on the standard of review that applies to a district court's findings of fact concerning a motion to suppress evidence. As noted above, we defer to the district court's findings if supported by substantial evidence. *State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856.

**{25}** In this case, Defendant asserts that Agent Terrazas's audio recording directly contradicts Agent Gallegos's testimony that he gave Defendant *Miranda* warnings before Agent Terrazas entered the room. Defendant claims that this Court should make findings based on the audio recording alone because the audio recording is a type of documentary evidence. We agree that "where the issue to be determined rests upon interpretation of documentary evidence, [this Court] is in as good a position as the [district] court to determine the facts and draw [our] own conclusions." *Flemma v. Halliburton Energy Servs., Inc.*, 2013-NMSC-022, ¶ 13, 303 P.3d 814 (alteration, internal quotation marks, and citation omitted).

**{26}** The evidence in this case, however, includes both the audio recording and Agent Gallegos's testimony. "On appeal, we must review the totality of the circumstances and must avoid reweighing individual factors in isolation." *Martinez*, 2018-NMSC-007, ¶ 12. "In doing so, we 'defer to the district court's findings of fact if substantial evidence exists

to support those findings' " and ' "view the facts in the manner most favorable to the prevailing party.' " *Id.*

**{27}** In this case, the district court made an explicit finding that Agent Gallegos's testimony that he gave Defendant *Miranda* warnings was credible. When it is acting as the fact-finder, it is the district court that evaluates the credibility of the witnesses and determines the weight to which the evidence is entitled. *See State v. Armijo*, 2005-NMCA-010, ¶ 4, 136 N.M. 723, 726, 104 P.3d 1114 (recognizing that it is for the fact-finder to evaluate the weight of the evidence, to assess the credibility of the various witnesses, and to resolve any conflicts in the evidence); *Wood v. Citizens Standard Life Ins. Co.*, 1971-NMSC-011, ¶ 16, 82 N.M. 271, 480 P.2d 161 ("It was for the [district] court, as the trier of the facts, and not for this [C]ourt, to determine the credibility of the witnesses, the weight to be given their respective testimonies, and wherein the truth lay.") An appellate court is "unable to view the witness's demeanor or . . . manner of speech, and therefore [is] not in a position to evaluate many of the aspects of witness credibility that the trier of fact may evaluate." *State v. Evans*, 2009-NMSC-027, ¶ 37, 146 N.M. 319, 210 P.3d 216. On appeal, therefore, we defer to the district court's evaluation of witness credibility.

**{28}** In addition to finding Agent Gallegos's testimony credible, the district court also evaluated the audio recording. The district court found that, although the recording did not affirmatively demonstrate that Defendant had been advised of his constitutional rights prior to Agent Terrazas entering the room, it also did not contradict Agent Gallegos's testimony that he had given *Miranda* warnings to Defendant before Agent Terrazas entered the room. The district court's finding that there was no contradiction between the recording and Agent Gallegos's testimony is supported by the evidence; the events before Agent Terrazas entered the room were not recorded.

**{29}** This case, therefore, is not one in which an officer's testimony is materially different from objective evidence. *See Martinez*, 2018-NMSC-007, ¶¶ 16-17 (holding that even "[i]f there is conflicting evidence, we defer to the district court's factual findings, so long as those findings are supported by evidence in the record." (internal quotation marks and citation omitted)). The fact that a different inference might have been drawn by another district court or that another court might have questioned the officer's credibility does not mean that this district court's findings were not supported by substantial evidence. *See Jason L.*, 2000-NMSC-018, ¶ 10 (explaining that "[t]he fact that another district court could have drawn different inferences on the same facts does not mean that the district court's findings were not supported by substantial evidence."). We hold that, viewed in the light most favorable to the district court's ruling, there is sufficient evidence to support the district court's finding that Defendant was given *Miranda* warnings before questioning started.

**CONCLUSION**

**{30}** We affirm the district court's denial of Defendant's motion to suppress the statements made by him in response to police questioning.

**{31}** IT IS SO ORDERED.

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**SHAMMARA H. HENDERSON, Judge**