This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                **NO. 34,088**

**ROBERT COLEMAN,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith K. Nakamura, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

**{1}** On motion for rehearing, the opinion filed May 18, 2015, is withdrawn, and the following opinion is substituted in its place. The motion for rehearing is otherwise denied.

**{2}** Defendant appeals from the district court's order denying his motion to withdraw his guilty plea and the district court's refusal to order a competency evaluation. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum opposing this Court's proposed disposition, and has moved to amend his docketing statement. Having given due consideration to Defendant's arguments in opposition, we affirm. Moreover, Defendant's motion to amend his docketing statement is **DENIED**.

**{3}** As a prefatory matter, we note that a party responding to a proposed disposition of this Court must point out specific errors in fact or law. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). In response to this Court's calendar notice, counsel has provided seven pages describing the facts and proceedings. We note that a number of the facts provided are attributed to a telephone conversation with Defendant, and counsel has not indicated whether these facts were actually before the district court. Unlike trial counsel, we note that a defendant is not

an officer of the Court and is not bound by a duty of candor towards the tribunal. Moreover, Counsel does not point out whether any of the facts asserted are contrary to those relied on by this Court in our notice of proposed disposition.

**Withdrawal of Plea**

{4}      Defendant continues to maintain that the district court abused its discretion in denying his motion to withdraw his guilty plea. In this Court's calendar notice, we pointed out that a hearing was held on Defendant's motion where Defendant testified, and a transcript of the plea proceeding and Defendant's medical records were introduced. [CN 3] We suggested that the district court appeared to have concluded that Defendant's testimony was not credible, and that this Court defers to the district court on matters of credibility. [CN 4]

{5}      In response, Defendant asserts that his counsel was ineffective by misinforming him that he would be able to withdraw his plea. [MIO 12] We note, however, as we did in our notice of proposed disposition, that the testimony introduced on this matter appears to be Defendant's self-serving statement that counsel instructed him that he would be able to plead guilty, get released, and later withdraw his plea. Given that it is for the trial court to weigh evidence and assess credibility, we cannot conclude that the district court abused its discretion in denying Defendant relief on this basis. *See Patterson v. LeMaster*, 2001-NMSC-013, ¶ 29, 130 N.M. 179, 21 P.3d 1032

("Because courts are reluctant to rely solely on the self-serving statements of defendants, which are often made after they have been convicted and sentenced, a defendant is generally required to adduce additional evidence to prove that there is a reasonable probability that he or she would have gone to trial.").

{6} Similarly, Defendant asserts that he was suffering from mental health issues at the time he entered his plea. However, the evidence supporting Defendant's claim was largely his own testimony, which the district court rejected. Because we defer to the district court's weighing of evidence and assessment of credibility, we cannot conclude that the district court abused its discretion on this basis. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that the appellate court defers to the factfinder when weighing the credibility of witnesses and resolving conflicts in witness testimony).

{7} Defendant also asserts that his plea was not knowing and voluntary, because counsel failed to investigate and inform Defendant of possible defenses, including that the victim was unavailable. [MIO 13] To the extent this argument was presented at Defendant's hearing on his motion to withdraw his plea, the district court could have reasonably concluded that failure to investigate the availability of the victim did not make it so Defendant's plea was not knowing and voluntary given that the State asserted it had another witness that would testify. [MIO 4-5] Although Defendant

4

asserts that this witness would not have testified either, to the extent this information was presented at the motion hearing, the district court was free to disregard Defendant's self-serving statement. We therefore conclude that the district court did not abuse its discretion in denying the motion to withdraw in this regard.

**Competency Evaluation**

{8}     Defendant maintains that the district court erred in not granting his motion for a forensic evaluation. In this Court's calendar notice, we pointed out that "[n]o competency hearing is required when there is minimal or no evidence of incompetency." *State v. Flores*, 2005-NMCA-135, ¶ 20, 138 N.M. 636, 124 P.3d 1175. We noted that, in order to satisfy this burden, there needed to be "something more than counsel's unsubstantiated assertion and opinion regarding a defendant's competency . . . to pass the reasonable doubt and good cause test." *Id.* ¶ 27. Given that Defendant had not described any evidence before the district court other than counsel's assertions, we proposed to conclude that Defendant had not demonstrated an abuse of discretion by the district court. [CN 5]

{9}     In response, Defendant asserts that he did not simply rely on counsel's assertions, but that testimony and medical records were also introduced. [MIO 21] However, as previously noted, the district court rejected Defendant's testimony as not credible. And, to the extent Defendant relies on the introduction of other medical

records to assert that the district court abused its discretion in not granting a competency evaluation, Defendant has not adequately described the documentation presented to the district court to demonstrate an abuse of discretion. [MIO 21] *See Hennessy*, 1998-NMCA-036, ¶ 24 (noting that the party opposing summary disposition must point out specific error in facts or law); *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error). Moreover, to the extent counsel asserts that the medical records show that Defendant was "not on the correct medication and it did nothing to help with the voices he was hearing" [MIO 8], the fact that counsel has attributed this information to a telephone call with Defendant that occurred during the pendency of this appeal, coupled with a failure to actually describe the medical documentation purported to support this assertion, is insufficient to demonstrate that this information was before the district court. To the extent that this assertion is based, in part, on Defendant's testimony or his own reporting of his symptoms, we again note that the district court specifically determined that Defendant was not credible. [MIO 8 (noting that the district court found that Defendant had a "history of manipulative behavior which raises questions about his credibility"); MIO 15 (stating that Defendant "acknowledges that he admitted at the hearing to fabricating the severity

6

of that claim [referring to his being placed on suicide watch] in order to obtain a phone call with his pregnant girlfriend")] For these reasons, we conclude that Defendant failed to demonstrate that the district court abused its discretion.

**Motion to Amend the Docketing Statement**

{10}    Defendant has also moved this Court to amend his docketing statement pursuant to Rule 12-208(E) NMRA to add four new issues: (1) "the grand jury was not presented with relevant defense information"; (2) "there was in [sic] inadequate factual basis presented for the plea agreement"; (3) "ineffective assistance of counsel provided by Ms. Mitsunaga"; and (4) "the district court erred in forcing [Defendant] to choose between immediately proceeding to sentencing or going for a 60-day evaluation when he was without counsel." [MIO 1] The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superseded by rule as stated in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.  For the reasons that follow, we deny Defendant's motion to amend the docketing statement on the ground that the issues raised are not viable appellate issues.

7

{11} First, Defendant challenges his grand jury indictment because he did not get to present exculpatory evidence to the grand jury. [MIO 22] Specifically, Defendant asserts that he would have presented evidence that the victim sexually assaulted him and that he did not rob the victim. [Id.] However, we conclude that Defendant has not demonstrated a viable issue because Defendant waived this issue when he entered what we have determined to be a valid plea. *See State v. Hodge*, 1994-NMSC-087, ¶ 14, 118 N.M. 410, 882 P.2d 1 (noting "a plea of guilty or nolo contendere, when voluntarily made after advice of counsel and with full understanding of the consequences, waives objections to prior defects in the proceedings").

{12} Second, Defendant contends that there was an insufficient factual basis provided for his plea rendering his plea invalid. Defendant argues that the district court erred in accepting the plea and that counsel was ineffective in stipulating that a factual basis existed. We note that the State informed the district court at the plea hearing that there was a physical altercation between Defendant and the victim and that Defendant took Defendant's wallet. [MIO 16] While the State acknowledged that the victim could not be found, the State also asserted that there was another witness available that could corroborate these facts. [MIO 4-5] We conclude that these facts are sufficient to provide a factual basis for Defendant's plea to the robbery charge. Similarly, the facts asserted in the memorandum in opposition—that Defendant was

alleged to have bitten an officer—are sufficient to provide a factual basis for Defendant's plea to the battery on a peace officer charge. We therefore conclude, based on the information before this Court, that Defendant has not demonstrated error on the part of the district court in accepting his plea or ineffective assistance of counsel in stipulating that there was a factual basis for the plea. *See State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289 ("[A] defendant must demonstrate that counsel's errors were so serious, such a failure of the adversarial process, that such errors undermine[] judicial confidence in the accuracy and reliability of the outcome. A defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (internal quotation marks and citation omitted)). We therefore conclude that these issues lack merit and deny Defendant's motion to amend his docketing statement to include these issues.

{13} Third, Defendant asserts that Ms. Mitsunaga provided him with ineffective assistance of counsel. Specifically, Defendant asserts that Ms. Mitsunaga failed to call his prior attorney to testify and failed to investigate the extent of Defendant's mental health issues. [MIO 25] However, Defendant notes that this information was not presented to the district court. [Id.] Where evidence supporting an ineffective assistance of counsel claim is not contained in the record, "an ineffective assistance

9

claim is more properly brought through a habeas corpus petition[.]" *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

**{14}** Fourth, Defendant contends that his due process rights were violated because he was not provided counsel during a critical stage of the proceedings against him. Specifically, Defendant asserts that "a criminal defendant has a constitutional right to counsel at all critical stages of a criminal proceeding, including sentencing." [MIO 27] We note, however, that Defendant had counsel at his sentencing hearing. According to the memorandum in opposition, Defendant's sentencing hearing was scheduled for March 13, 2014, and Ms. Mitsunaga entered her appearance on January 15, 2014. [MIO 5] Further, we note that Defendant's prior counsel, Mr. Rhinehart, appeared at the January 2, 2014 hearing, prior to moving to withdraw. [MIO 5] At this same hearing, the district court asked Defendant if he would like to proceed to sentencing or do a sixty-day evaluation. Defendant fails to articulate how these facts constitute a violation of his right to due process. *See State v. Guerra*, 2012-NMSC-027, ¶ 30, 284 P.3d 1076 (recognizing that in the absence of demonstrating harm done by alleged errors, there is no due process violation); *State v. Duran*, 1988-NMSC-082, ¶ 12, 107 N.M. 603, 762 P.2d 890 ("[T]o establish a due process violation, and thus reversible error, the defendant must demonstrate prejudice."), *superseded by rule as stated in State v. Gutierrez*, ¶ 2, 1998-NMCA-172, 126 N.M. 366, 969 P.2d 970).

{15}     Given that Defendant has failed to demonstrate any viable appellate issue, his motion to amend the docketing statement is **DENIED**. With respect to the issues raised in Defendant's original docketing statement and argued in his memorandum in opposition, we affirm for the reasons stated above and in this Court's notice of proposed disposition.

{16}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**LINDA M. VANZI, Judge**